## WOOD v. PENNSYLVANIA GREYHOUND LINES, Inc.

### Civ. No. 10223.

United States District Court
E. D. New York.

Sept. 23, 1949.

Priest & Carson, Forest Hills, for plaintiff.

Everett W. Bovard, New York City, for defendant.

GALSTON, District Judge.

The defendant moves, pursuant to Rule 12, section (b), subdivision 3, of the Rules of Civil Procedure, 28 U.S.C.A., to dismiss the action on the ground that there is improper venue, or in the alternative for an order under Title 28 U.S.C.A. §§ 1391 and 1404, to transfer the action to the Southern District of New York.

It appears that jurisdiction is based upon diversity of citizenship. Plaintiff is a citizen in the State of North Carolina; the defendant is incorporated under the laws

of the State of Delaware and has filed a certificate with the Department of State for the State of New York to do business in the State of New York. The plaintiff, while a passenger on defendant's bus which left New York, sustained personal injuries alleged to have resulted from the negligence of the defendant. The accident happened in Maryland.

The affidavit of a vice-president of the defendant company discloses that the defendant has an office in the Borough of Manhattan, City of New York, for the transaction of its business, but has no office within the jurisdiction of the Eastern District of New York and does not transact any business therein. Moreover it appears that the defendant is not permitted by the Interstate Commerce Commission to carry passengers within the Eastern District of New York.

Section 1391, subdivision (c), of Title 28 U.S.C.A. on which the defendant relies, reads: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Since the defendant is restricted by the Interstate Commerce Commission from doing business in the Eastern District of New York, and since it does not do business in the Eastern District of New York, and has no place of business therein, defendant properly contends that under the provisions of that section there is improper venue, and it is for that reason that Cleverly v. Nelson et al., 1949 [1] does not apply.

Section 1404—the forum non conveniens section—does not bear on the merits of the motion. So far as convenience is concerned, and "the interest of justice," the action could be just as well tried in the Eastern District as in the Southern District of New York.

However, relief can be granted to the defendant under the provisions of section 1406, "Cure or waiver of defects," subdivision (a), which reads: "The district court

of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Accordingly the action will be transferred to the Southern District of New York. Settle order on notice.

---

1. No opinion for publication.