Cleo STEVENSON and Jean Stevenson,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. No. 2989.

United States District Court
M. D. Tennessee,
Nashville Division.

Sept. 25, 1961.

Elwood L. Edwards, of Donelson, Adams, O'Hearn, Grogan & Edwards, Memphis, Tenn., for plaintiffs.

**356**

John B. Jones, Jr., Acting Asst. Atty. Gen., and Kenneth Harwell, U. S. Atty., Middle Dist. of Tennessee, Nashville, Tenn., for defendant.

WILLIAM E. MILLER, Chief Judge.

The plaintiffs, residents of Shelby County in the Western District of Tennessee, instituted their action in the Middle District against the United States under 28 U.S.C.A. § 1346, for recovery of income taxes and interest thereon for the calendar years 1956, 1957 and 1958, alleging that such taxes were erroneously and illegally assessed and collected.

In its answer filed January 17, 1961, the defendant interposed the defense that the action had been brought in the wrong district since the applicable venue statute, 28 U.S.C.A. § 1402(a) (1), provides that actions against the United States for recovery of taxes under 28 U.S.C.A. § 1346(a) shall be prosecuted only "in the judicial district where the plaintiff resides."

On February 16, 1961, the defendant filed its motion for change of venue to the Western District of Tennessee, pursuant to 28 U.S.C.A. § 1406(a), the motion proceeding upon the theory that it would be "in the interest of justice" that such transfer be made since all persons with knowledge of the essential facts and all material and relevant documents are within the Memphis area in the Western District. On March 1, 1961, the plaintiffs, recognizing that venue was improperly laid, filed their motion to dismiss the action without prejudice pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the motion alleging that the plaintiffs desire to file an action for the recovery of the income taxes in question against the District Director of Internal Revenue, who resides in Nashville within the jurisdiction of the Middle District of Tennessee, to the end that such action may be heard and tried in that district. The motion further alleges that the plaintiffs "intended to bring suit against the said James M. Rountree, District Director of Internal Revenue, in the present action but inadvertently made the United States of America the defendant."

The issue for decision is therefore whether the Court should enter an order dismissing the action without prejudice on payment of costs, as insisted upon by the plaintiffs, or whether it should transfer the action for trial to the Western District of Tennessee.

The plaintiffs' chief reliance in support of their insistence that the action should be dismissed without prejudice is predicated upon the construction of Rule 41(a) (2) approved by the Seventh Circuit in Bolten v. General Motors Corporation, 180 F.2d 379, 21 A.L.R.2d 623, to the effect that the absolute right of the plaintiff to dismiss under Rule 41(a) (2) is restricted only by the requirement that it be done "upon order of the court and upon such terms and conditions as the court deems proper", and that the discretion vested in the Court is as to the terms and conditions rather than as to the right of the plaintiff to have such terms and conditions fixed and to dismiss without prejudice upon compliance therewith. In the alternative the plaintiffs rely upon another view of Rule 41(a) (2) approved by some courts to the effect that the Rule is declaratory of a long established practice both in law and in equity and was intended only to clarify and make certain such practice under which a plaintiff might dismiss his case without prejudice only by payment of the costs and when the defendant would not be subjected thereby to some plain legal prejudice beyond the incidental annoyance of a second litigation upon the same subject matter. Home Owners Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314; New York C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769. Under either of these theories the plaintiffs insist that the Court has no discretion other than to dismiss the action without prejudice upon payment of costs pursuant to the plaintiffs' motion, since the defendant will be subjected to no prejudice consequent upon the dismissal beyond the possible inconvenience of defending the action in the Middle

District rather than in the Western District of Tennessee.

■■ The better view, however, and the one apparently supported by the weight of authority is that Rule 41(a) (2) vests in the Court in the exercise of a sound discretion the power to deny an application to dismiss without prejudice after an answer has been filed, or to grant the application with or without conditions. United States v. Lyman, 1 Cir., 125 F.2d 67; Butler v. Denton, 10 Cir., 150 F.2d 687; Roth v. Great Atlantic & Pacific Tea Company, D.C.Ohio, 2 F.R.D. 182; and cf. United States v. Pacific Fruit & Produce Co., 9 Cir., 138 F.2d 367. The purpose of the Rule was to eliminate the evils resulting from the unqualified right of a plaintiff to take a voluntary nonsuit at any stage of the proceeding before pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights. It seems clear from the history and text of the Rule itself that the granting of the motion to dismiss is within the Court's discretion and not a matter of right. 5 Moore's Federal Practice, (2nd Ed.) Sec. 41.05.

Sec. 1406(a) as originally enacted in the 1948 revision of Title 28 U.S.C.A., provided that a district court in which is filed a case laying venue in the wrong district was required to transfer the case to any district in which it could have been brought. Because the statute in this form permitted a plaintiff to sue deliberately in a wrong forum to obtain service of process and then to have the action transferred to the forum of proper venue, 1 Moore's Federal Practice (2nd Ed.), p. 1906, it was amended in 1949 to its present form providing that a case filed in the wrong district was to be dismissed "or if it be in the interest of justice" transferred to any district in which it could have been brought. As pointed out in the defendant's brief in the present case, most of the reported cases dealing with Sec. 1406(a) arise in the context of a defendant seeking to dismiss an action for improper venue and a plaintiff seeking to transfer the action to another district because the statute of limitations would prevent him from filing a new complaint. While no cases have been found by the Court or cited by counsel presenting the exact problem of the instant case, i. e., a plaintiff seeking to dismiss the action without prejudice under Rule 41(a) (2) and the defendant seeking to transfer the case under Sec. 1406(a) to the district which would be most convenient for trial purposes, it would appear both from the text and the broad purpose of the statute that the District Court is vested with authority in such situation to transfer the action in the interest of justice to another district where it could have been brought—in this case to the Western District of Tennessee. Although not exactly in point on the facts, this construction of the statute is supported by the opinion of the District Court for the Eastern District of New York in Wood v. Pennsylvania Greyhound Lines, 86 F.Supp. 91.

■■ In the view the Court takes of the present case, construing Rule 41(a) (2) and 28 U.S.C.A. § 1406(a), in pari materia, the Court is vested with the discretionary authority to grant, with or without conditions, or to deny the plaintiffs' motion to dismiss under Rule 41 (a) (2), and at the same time the discretion under 28 U.S.C.A. § 1406(a) to transfer the action to the Western District of Tennessee for trial if it is in the interest of justice to do so. New York C. & St. L. R. Co. v. Vardaman, supra, presented a closely analogous situation where the plaintiff sought a dismissal without prejudice under Rule 41 (a) (2) in order to sue in a state court and defendant moved for transfer under 28 U.S.C.A. § 1404(a), the latter section authorizing transfer of an action to another district where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." The Court directed a dismissal without prejudice on payment of costs. This result was rationalized by construing Rule 41(a) (2) as authorizing the Court to

deny dismissal only for prejudice to the defendant and by finding that the defendant suffered no legal prejudice in losing the right to have the case transferred to another venue under Sec. 1404(a), a right which the Court characterized as procedural only and not one in which the defendant had a vested interest. But a different approach is called for if the right of dismissal under Rule 41(a) (2) is regarded as discretionary only and not a matter of right, and if the right of transfer under Sec. 1406(a) is regarded as a substantial right, although procedural in character and not a vested right in the constitutional sense. On this basis the Court should give effect to both the Rule and the statute. Under both the Court is vested with discretionary authority to be exercised in such manner as to accomplish substantial justice. How should such discretion be exercised upon the present facts? The answer would appear to lie in weighing the plaintiffs' right to choose their own forum as against the greater convenience to defendant of a trial in the Western District of Tennessee. If it should appear that a trial in the Middle District would impose an undue hardship upon the defendant or subject it to prejudice or an unreasonable expense, and that these burdens cannot be alleviated by conditions imposed by the Court, it may be that these factors should be allowed to outweigh any consideration which the Court may have for the plaintiffs' right to choose their forum. The plaintiffs in this case had the privilege of suing the United States in the Western District or of suing the District Director in the Middle District upon the same cause of action. They desired in good faith to institute their action in the Middle District and to have it tried there. It was only by inadvertence that the United States was named as a party defendant rather than the District Director. The forum of the Middle District was not sought to circumvent the limitations upon service of process or for other ulterior purposes. The right of a plaintiff to choose his forum, the law allowing an alternative, is recognized as a valuable right of choice which should not be disturbed in the absence of strong reasons therefor. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Lykes Bros. S. S. Co. v. Sugarman, 2 Cir., 1959, 272 F.2d 679; Morehead v. Barksdale, 4 Cir., 263 F.2d 117; Caspar v. Devine, 103 U.S. App.D.C. 193, 257 F.2d 197.

At the same time, the defendant may be expected to bear a greater expense in trying the case in the Middle District, and there is the possibility of prejudice in being unable to subpoena unwilling witnesses. The question before the Court upon the merits in the action will be whether the Stevenson Clinic Association is an association for federal income tax purposes, an issue which will depend on whether the essential characteristics of the clinic's operation are more like that of a corporation, as the plaintiffs contend, or more like that of a partnership, as the defendant insists. It is pointed out by the defendant that in order to establish that the clinic possessed the characteristics of a partnership, it may be necessary for the defendant to present as witnesses some of the employees, patients and suppliers of the association, and other individuals who are familiar with the clinic's operation, as well as to introduce as evidence the association's books and records and various contracts entered into by the association with third parties. The government further points out that since Memphis is more than one hundred miles from Nashville, the Memphis witnesses cannot be subpoenaed by the defendant for trial in Nashville, and that the plaintiffs' verbal assurance at the hearing on the instant motions that they would supply the witnesses at the trial of the case at Nashville cannot reasonably be construed to mean that they would insure the presence at the trial of witnesses who are adverse to their position. It is further argued that even if the necessary witnesses and persons in possession of pertinent documents would be willing to appear in

Nashville, the cost of their transportation would impose an undue burden upon the government.

■ Balancing the relative factors involved the Court feels that the proper solution of the controversy is to permit the plaintiffs to dismiss the present action without prejudice, but only upon compliance with such conditions as will avoid any possible prejudice or unreasonable expense to the defendant in trying the case in the Middle District. This disposition would accomplish the dual purpose of not disturbing the plaintiffs' right of choice and of according to the defendant a convenient trial forum. Further, it would appear to fall within the range of a sound discretion under both Rule 41(a) (2) and 28 U.S.C.A. § 1406(a).

Accordingly an order will be submitted to the Court within a period of ten days from date overruling the defendant's motion to transfer the action for trial to the Western District and sustaining the plaintiffs' motion to dismiss the present action without prejudice upon the following conditions to apply if the plaintiffs institute an action for recovery of the taxes in question against the District Director in the Middle District:

(1) That the plaintiffs make available to the defendant before the trial, and also at the trial, any pertinent books and records of the association as well as contracts entered into by the association with third parties.

(2) That the plaintiffs produce and have present at the trial such employees of the association as the defendant may designate, the plaintiffs paying the cost of transportation of such witnesses to Nashville and return to Memphis and such other expenses as may be incident to their attending the trial.

(3) That the plaintiffs pay one-half of the transportation cost and other expenses incident to the attendance at the trial of other witnesses from the Memphis area requested by the defendant who have no connection with the association, or one-half of the cost of taking the depositions of such witnesses for use at the trial if such witnesses are unwilling to attend the trial voluntarily.

(4) That the plaintiffs pay all of the costs of the present action.

If the plaintiffs should be unwilling to accept these conditions, the Court finds that it would be "in the interest of justice" under Sec. 1406(a) to transfer the action for trial to the Western District. In that event an order will be presented to the Court within said period of ten days from date overruling the plaintiffs' motion to dismiss the action and transferring it for trial to the Western District.