United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 06-10414
Summary Calendar

INTERNATIONAL DRIVER TRAINING INC.,

Plaintiff-Appellant,

VERSUS

J-BJRD INC.; BILL CLINTON DODGIN,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
m 3:05-CV-2194

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff International Driver Training Inc. ("IDT") filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). In its order of dismissal, the district court added conditions that IDT must meet if it chooses to re-file in the Northern District of Texas. Because the district court lacked jurisdiction to take any action other than dismissal, we reverse and grant IDT unconditional dismissal without prejudice.

## I.

Before either defendant had filed an answer or other pleading, IDT filed its notice of dismissal without prejudice under rule 41(a)(1)(i). The district court signed an order dismissing the case "without prejudice" but adding the following language: "If International Driver re-files this case in the Northern District of Texas, Dallas Division, the complaint must be filed in Judge Ed Kinkeade's Court, and the Plaintiff shall give Defendant notice of this Order if this case is re-filed in any form." IDT appeals that order, alleging that the court was without power to attach conditions to its dismissal.

## II.

Rule 41(a)(1) states that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." FED R. CIV. P. 41(a)(1). Although there are exceptions for several specific actions and statutes, none of which is presently relevant, "a plaintiff's right to file a notice of dismissal under Rule 41(a)-(1)(i) before the service of an answer or motion for summary judgment is absolute and unconditional." 8 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006) (citing *Carter v. United States*, 547 F.2d 528, 529 (5th Cir. 1977)). Dismissal pursuant to rule 41(a)(1)(i) is "a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

A notice of dismissal under Rule 41 is "self-executing," *see* 8 MOORE, *supra*, § 41.33-[6][a], at 41-82, so there is no need even for "a perfunctory order of court closing the file." *Am. Cyanmid*, 317 F.2d at 297. The plaintiff "suffers no impairment beyond his fee for filing." *Id.* The effect of the dismissal is "to put the plaintiff in a legal position as if he had never brought the suit." *Harvey Specialty & Supply Inc.* v. *Anson Flowline Equipment, Inc.*, 434 F.3d 320, 324 (5th Cir. 2005) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)). Once a plaintiff has filed a proper rule 41 notice, "any further action by the district court [is] neither necessary nor of any effect." *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 889 (7th Cir. 1972).

IDT filed its notice of dismissal within the guidelines provided by rule 41(a)(1)(i). Once the order of dismissal was filed, the case effectively ceased. The district court was thereafter without jurisdiction to take further action, including placing limits on IDT's right to file in the future.[1]

It is possible that IDT's objection to the requirement that any re-filed case be filed in Judge Kinkeade's court is that IDT is chagrined at having drawn Judge Kinkeade at random and would prefer to have this case assigned to a different judge in the Northern District of Texas. If that is so, IDT might re-file the case for the sole purpose of drawing a judge it views as more favorable. We do not approve of such a raw attempt at forum-shopping. Any district courtSSincluding the Northern District of Texas in respect to this caseSSis free to prohibit such a practice and to require

---

[1] *See* 8 MOORE, *supra*, § 41.33[3], at 41-50 ("Unlike Rule 41(a)(2), Rule 41(a)(1) does not contain a provision authorizing the imposition of 'terms and conditions' on a dismissal. The court thus lacks power to impose any conditions on a dismissal made by notice."). *Cf. LeCompte*, 528 F.2d 601 (reversing order of dismissal imposing the condition, among others, that "any subsequent suit must be filed in the same court").

that a re-filed action be assigned to the original judge, or to require that if a re-filed case is assigned to a different judge, that judge shall transfer the case to the original judge. Although rule 41(a)(1) guarantees IDT an unconditional dismissal, it does not confer on IDT the right to manipulate the designation of a judge.

The conditioned order of dismissal is VACATED, and an unconditional order of dismissal is RENDERED, in accordance with this opinion.[2]

---

[2] Any worry that the grant of a dismissal without prejudice might allow an undue advantage to the plaintiff is addressed, also in rule 41(a)(1), by the provision that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." FED. R. CIV. P. 41(a)(1).