# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20219

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2016

Lyle W. Cayce
Clerk

STEPHAN BECHUCK,

Plaintiff–Appellant,

versus

HOME DEPOT U.S.A., INCORPORATED;
ADVANTAGE SALES & MARKETING, L.L.C.,
 Doing Business as Advantage CMN, L.L.C.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES and SMITH, Circuit Judges, and BOYLE, District Judge.*
JERRY E. SMITH, Circuit Judge:

Stephan Bechuck appeals an order dismissing, without prejudice, Home Depot U.S.A., Inc. ("Home Depot"), and Advantage Sales & Marketing, L.L.C. ("ASM") and requiring that any suits that Bechuck refiles against those parties

---

* District Judge of the Northern District of Texas, sitting by designation.

No. 15-20219

be brought in the same court. Bechuck contends that the district court lacked jurisdiction to attach the refiling restriction with respect to ASM because Bechuck had already voluntarily dismissed ASM under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Bechuck further claims that the dismissal of Home Depot was in error and that the refiling restriction with respect to Home Depot was improper. We agree that the district court lacked jurisdiction to impose the refiling restriction on ASM. We also agree that the court erred in dismissing Home Depot, but the error, being without prejudice, was harmless. Finally, we agree that the imposition of the refiling restriction with respect to Home Depot was an abuse of discretion, so we affirm the judgment as modified to omit that condition.

## I.

In July 2014, Bechuck allegedly sustained injuries from a fall caused by a defective chair that was located in the common area of a Home Depot. Two months later, Bechuck sued Home Depot and Ambrose Witkowski, the general manager of the store, in state court. A month after that, Home Depot removed to federal court on the basis of diversity jurisdiction, contending that Witkowski had been fraudulently joined. With leave of court, Bechuck filed an amended complaint in November 2014, omitting Witkowski and adding Sales Managers Inc., doing business as Advantage Sales & Marketing, Inc. ("SMI"), as a defendant. Bechuck alleged that SMI was negligent in failing adequately to assemble and inspect the chair before its distribution. After serving SMI, Bechuck learned that ASM, not SMI, was the distributor of the chair; Bechuck therefore filed a second amended complaint with leave of court on January 14, 2015, replacing SMI with ASM as a defendant. ASM was served on January 29, 2015, and its response was due February 19, 2015.

On February 2, the district court held a pretrial conference at which

No. 15-20219

counsel for Bechuck and Home Depot, but not ASM, appeared; the district court announced, without warning,[1] that it was going to dismiss the claim against Home Depot, noting that "Home Depot wouldn't have put [the chair] out there if they had known there was a defect," that "the defect arose because of the preparation of these other folks," and that "[y]ou don't sue somebody and then figure out if you have a claim."

Shortly after the pretrial conference, the court issued a "Partial Dismissal" that stated that "[b]ecause he cannot explain what it did wrong, Stephan Bechuck's claims against Home Depot U.S.A., Inc., are dismissed with prejudice." A few hours later, Bechuck filed a notice of voluntary dismissal without prejudice against ASM pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), noting that ASM had not yet filed an answer or motion for summary judgment. Thereafter, the same day, the district court issued a "Final Dismissal" that stated,

1.  On his motion, Stephan Bechuck's claims against Advantage Sales & Marketing LLC are dismissed without prejudice.

2.  Because he cannot explain what it did wrong, Stephan Bechuck's claims against Home Depot are dismissed with prejudice.

3.  If Bechuck sues Advantage for the same cause of action, he must do so before this court.

On February 24, 2015, Bechuck filed a "Motion to Alter, Amend or Vacate the Judgment" under Federal Rule of Civil Procedure 59(e), urging that the district court had erred in *sua sponte* dismissing his claims against Home Depot with prejudice and in imposing a refiling restriction on his dismissal

---

[1] Although the court provided no notice that it was planning to dismiss Home Depot for failure to state a claim, it had provided notice, in a management order dated December 8, that if Bechuck failed to produce certain documents for Home Depot by December 12, the case could be dismissed. The record does not indicate whether Bechuck ever produced those documents.

3

without prejudice of his claims against ASM. In response, Home Depot deferred to the court's "determination of the merits of Plaintiff's Motion" but advised the court that it was "unopposed to the Court amending the order of dismissal from 'with prejudice' to 'without prejudice.'"

On March 18, 2015 the district court entered an order entitled "Corrected Final Dismissal" that stated,

> 1.  On his motion, Stephan Bechuck's claims against Advantage Sales & Marketing LLC and Home Depot U.S.A., Inc. are dismissed without prejudice.
>
> 2.  If Bechuck sues Advantage or Home Depot again for the same cause of action, he must do so before this court.

Thus, the corrected order did not affect the dismissal of ASM, but it modified the dismissal of Home Depot from with prejudice to without prejudice, and it extended the refiling restriction to Home Depot as well. The court offered no explanation or opinion with the revised final dismissal.

## II.

Bechuck contends that the district court lacked jurisdiction to impose the filing restriction on his voluntary dismissal of the claims against ASM under Rule 41(a)(1)(A)(i), and he requests that that condition be vacated. ASM responds that the court retained inherent supervisory authority to place the restriction on the dismissal to prevent forum-shopping. Jurisdictional issues related to a Rule 41(a)(1)(A)(i) dismissal are reviewed *de novo*.[2]

## A.

Rule 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing

---

[2] *See Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 718 (5th Cir. 2010); *Qureshi v. United States*, 600 F.3d 523, 524 (5th Cir. 2010).

party serves either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Indeed,

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963); *see also Amerijet*, 785 F.3d at 973 (affirming *Am. Cyanamid*).

Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), "the case [i]s effectively terminated." *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976). "The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Id.* "Accordingly, the district court may not attach any conditions to the dismissal." *Amerijet*, 785 F.3d at 973.

Nevertheless, "[t]hat the court loses jurisdiction over the litigation does not, however, deprive the district court of its inherent supervisory powers." *Qureshi*, 600 F.3d at 525. "It is well established that a federal court may consider collateral issues after an action is no longer pending," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), including "the imposition of costs, attorney's fees, and contempt sanctions, [and] the imposition of a Rule 11

No. 15-20219

sanction," *id.* at 396. We have added pre-filing injunctions to the list of permissible collateral issues. *Qureshi*, 600 F.3d at 526. "[T]he reason that these actions survive dismissal is that each 'requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'" *Id.* at 525 (quoting *Cooter & Gell*, 496 U.S. at 396).

## B.

There is no dispute that Bechuck terminated the litigation against ASM by filing the Rule 41(a)(1)(A)(i) notice of dismissal. The issue is whether the district court's inherent supervisory power included the ability to impose the refiling condition. Thus, we must decide whether a condition requiring the plaintiff to refile in the same federal district court is in the same class as the imposition of sanctions, costs, attorney's fees, contempt proceedings, and pre-filing injunctions.

On in its face, the imposition of a pre-filing injunction might be a close analogue to the refiling condition imposed here. Nevertheless, in *Qureshi*, 600 F.3d at 526, we explained that a pre-filing injunction fit into the class of permissible collateral issues because it "serves the same purpose" as sanctions, costs, attorney's fees, and contempt proceedings, "namely, a sanction against abuse of the judicial process." Notably, all of the collateral issues that the Supreme Court has permitted to be considered are related to the past—seeking to remedy wrongs that have already been committed. Likewise, the test for pre-filing injunctions does not focus on whether the plaintiff *will* file a vexatious suit but whether he *has* filed such suits.[3]

---

[3] "In determining whether it should impose a pre-filing injunction . . . a court must weigh all the relevant circumstances, including the following four factors: '(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative

No. 15-20219

In contrast, Bechuck has not displayed a pattern of past vexatious behavior. This is his first suit against ASM and his first voluntary dismissal. ASM maintains that the refiling restriction was necessary to prevent Bechuck from engaging in future forum-shopping. Yet, because this is his first suit, Bechuck has not yet engaged in any forum-shopping, so is there no history of abuse that renders such a condition appropriate.[4]

Proper collateral issues "are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'" *Cooter & Gell*, 496 U.S. at 395 (alteration in original) (quoting *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 170 (1939)). Court-ordered sanctions should be neither "a consequence" of a voluntary dismissal without prejudice nor a "condition" placed upon such dismissal. *Id.* at 396–97. Absent Bechuck's dismissal of ASM, it is unlikely that the court would have had an independent reason to sanction him. Therefore, because there was no behavior to sanction,[5] the refiling limitation appears to be an impermissible condition.

Although forum-shopping is not a trivial concern, "Rule 41(a)(1)

---

lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.'" *Qureshi*, 600 F.3d at 527 n.2 (alteration in original) (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)).

[4] Nevertheless, in his brief Bechuck worries that "the district court has pre-judged the outcome of any subsequent suit by Plaintiff against Home Depot," making it appear as though he would like to engage in future forum-shopping. Yet, he has not yet done so, and he did not make that claim in the district court, so there was no basis in the record for the district court to impose such a condition.

[5] Although the transcript of the pretrial conference suggests that the district court was frustrated with Bechuck's delay in serving ASM, and the record indicates that he further delayed (or failed) to produce certain documents, the court did not provide any reasons for imposing the refiling restriction or indicate in any way that Bechuck's delays were connected to that condition. Likewise, ASM does not contend that Bechuck's delays were the basis for the restriction.

7

essentially permits forum shopping." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n.15 (5th Cir. 2005) (discussing *Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997)).  It is not uncommon for plaintiffs to use voluntary dismissal to "secure their preferred forum," such as when they seek to undo removal and return to state court. *Id.* "While this may seem distasteful to opposing parties, we have 'consistently held that Rule 41(a)(1) means what it says . . . [and] [d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer." *Id.* (alterations in original) (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)).

"[T]he effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (alteration in original) (quoting *Harvey Specialty & Supply, Inc.*, 434 F.3d at 324).  Therefore, "the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim." *Id.*  By placing him back into the situation as though he had never brought suit, Rule 41(a)(1)(A)(i) necessarily allows him to choose his forum anew.  Upholding the refiling restriction would not return Bechuck to the same legal position that he occupied before suit.[6]

As we observed, such a holding does not mean that there can be no

---

[6] Indeed, in an unpublished opinion we rejected a similar refiling restriction notwithstanding the possibility of forum-shopping. *See Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 716 (5th Cir. 2006) (per curiam).  There, after the plaintiff had filed a Rule 41(a)(1)(A)(i) notice, the district court attached a condition requiring the plaintiff to refile any subsequent suit in its courtroom (not just the same district court). *Id.* at 715.  We noted that the plaintiff's objection to the condition might be because it was hoping to draw a different (more favorable) judge if it refiled. *Id.* at 716.  Nevertheless, we vacated the condition, observing that "[o]nce the order of dismissal was filed, the case effectively ceased." *Id.*  Thus, the court lacked "jurisdiction to take further action," including placing limitations on the plaintiff's "right to file in the future." *Id.*

No. 15-20219

mechanisms to prevent forum-shopping; district courts are free to adopt a rule "requir[ing] that a re-filed action be assigned to the original judge." *Id.* Such a rule must be imposed at the wholesale level, however, and may not be attached individually as a condition on voluntary dismissals under Rule 41(a)(1). Additionally, by requiring that a second voluntary dismissal under Rule 41(a)(1) operate as an adjudication on the merits, the federal rules already limit a plaintiff's ability to engage in forum-shopping. *See id.* at 716 n.2; FED. R. CIV. P. 41(a)(1)(B).[7] Therefore, notwithstanding ASM's forum-shopping concerns, once Bechuck filed his Rule 41(a)(1)(A)(i) motion, the district court lacked jurisdiction to attach any refiling restrictions.

## III.

Bechuck contends that the district court erred by *sua sponte* dismissing Home Depot as well as by attaching a condition requiring Bechuck to file any other suits against Home Depot in the same court. The order is difficult to understand. In its first order of final dismissal, the district court stated that "[b]ecause he cannot explain what it did wrong, Stephan Bechuck's claims against Home Depot U.S.A., Inc., are dismissed with prejudice." That order sounds much like a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Nevertheless, after Bechuck moved the court, under Rule 59(e) to "alter, amend, or vacate" its judgment, the court entered a corrected final dismissal stating, "On his motion, Stephan Bechuck's claims against Advantage Sales & Marketing LLC and Home Depot U.S.A., Inc., are dismissed without prejudice." Considering that Bechuck's voluntary dismissal of ASM was made under Rule 41(a)(1)(A)(i) and that the dismissal of both

---

[7] In contrast to other forms of dismissal, a Rule 41(a)(1)(A)(i) dismissal must be made quite early in the litigation—before the defendant files an answer—so any concerns about having the same court adjudicate a refiling because of its past expertise with the parties are diminished.

No. 15-20219

Home Depot and ASM occurred in the same pen stroke, it appears that the court likewise was dismissing Home Depot under a related provision—Rule 41(a)(1)(A) or (2).

It is entirely possible (and even likely) that the court actually meant to dismiss Bechuck's claims against Home Depot under Rule 12(b)(6) for failure to state a claim. Nevertheless, this is not what the corrected final dismissal said, and it is that order that binds Bechuck.[8] According to the order, "Bechuck's claims against . . . Home Depot" were dismissed "[o]n his motion." It is conceivable that Bechuck *could have* made a request to dismiss his claims against Home Depot without prejudice, but a motion to dismiss for failure to state a claim is an affirmative defense. There is no way that Bechcuck *could have* (or would have) moved to dismiss Home Depot for his own failure to state a claim. Therefore, we cannot construe the revised order as a dismissal for failure to state a claim; instead, we interpret it as falling under Rule 41(a)(1)(A)(ii) or (2).[9]

The glaring problem with a dismissal under Rule 41(a)(1)(A)(ii) or (2) is that Bechuck never asked the court to dismiss his claims against Home Depot. *See* FED. R. CIV. P. 41(a) (covering plaintiff-requested dismissals). To the contrary, after the *sua sponte* first order of dismissal, Bechuck contended that dismissing of Home Depot "was unfair and prejudicial" and asked the court to

---

[8] Even if the corrected final dismissal had not replaced the first dismissal, our jurisdiction would be limited to the order appealed. *See* FED. R. APP. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806 (5th Cir. 2004) (explaining that an issue "cannot be considered by this court unless the judgment or order disposing of it is properly noticed for appeal"). We also mention that both sides appear to have treated the dismissal as a *sua sponte* dismissal under Rule 12(b)(6) and therefore briefed the merits, but we do not address the sufficiency of the complaint.

[9] Such a dismissal could not be under Rule 41(a)(1)(A)(i) because Home Depot had already filed an answer.

10

No. 15-20219

"vacate its order of dismissal with prejudice." Although the order, no doubt, was mistaken, it still binds the parties, so we must consider its effect.

A.

Rule 41(a)(1)(A)(ii) allows a plaintiff to "dismiss an action without a court order by filing . . . a stipulation signed by all parties who have appeared." In its response to Bechuck's Rule 59(e) motion asking the court to vacate its first order of dismissal, Home Depot "advise[d] the Court that it [wa]s unopposed to the Court amending the order of dismissal from 'with prejudice' to 'without prejudice.'" It is possible that the court construed that as acquiescence in a motion for voluntary dismissal under Rule 41(a)(1)(A)(ii).[10] If the court dismissed Bechuck's claims against Home Depot under Rule 41(a)(1)(A)(ii), then the analysis regarding the refiling condition would be the same as the analysis with respect to the refiling condition against ASM outlined in Part II above.[11] Once the parties agreed to a voluntary dismissal, the court was deprived of jurisdiction to add a refiling restriction.

B.

Nevertheless, it is not obvious that this is what the district court was doing; possibly it was trying to dismiss Bechuck's claim against Home Depot under Rule 41(a)(2), which allows an action to "be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Thus, we also must evaluate the result if the order was made under Rule 41(a)(2), given that we cannot tell which prong of Rule 41(a) the court was using.

---

[10] Again, the patent difficulty with this reading is that Bechuck never requested dismissal of Home Depot.

[11] If the order was made under Rule 41(a)(1)(A)(ii), its merits—the dismissal of Home Depot—were in error, but any error was harmless because it was explicitly without prejudice. *See infra* Part III.B.

11

No. 15-20219

1.

"Generally, an order of voluntary dismissal without prejudice entered at the plaintiff's request is not an involuntary adverse judgment." *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990). Thus, in the normal course, if a voluntary dismissal was entered under Rule 41(a)(2), the plaintiff would be barred from appealing. "This can easily be understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). "An appeal may sometimes be allowed, however, where the court imposes conditions upon a voluntary dismissal." *Mortg. Guar.*, 904 F.2d at 300. Indeed, we "will permit an appeal if (1) the plaintiff is 'legally prejudiced' by the conditions accompanying the grant of dismissal; and (2) the plaintiff has not agreed to or legally acquiesced in those conditions." *Id.* (quoting *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 130 (5th Cir. 1978)).

a.

"Although the district court's order in this case is labeled a 'dismissal without prejudice,' at least with respect to determining appealability, we do not believe the order had that effect" because the district court conditioned dismissal on refiling before it. *LeCompte*, 528 F.2d at 603. In *LeCompte*, the district court distinguished between conditions attached to dismissal that work "practical" prejudice, such as "paying costs or expenses, producing documents, producing witnesses,"[12] and conditions that work "legal prejudice," by "severely circumscrib[ing] . . . freedom to bring a later suit." *Id.* at 603–04. Conditions that create practical prejudice are not appealable, but those that cause legal

---

[12] These types of restrictions are often designed to reduce "prejudice" and "inconvenience" for the defendant. *LeCompte*, 528 F.2d at 603–05.

prejudice are. *Id.*

The conditions imposed in *LeCompte* were of the second variety. The court granted the plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) but required: "(1) that any subsequent suit must be filed in the same court; (2) that plaintiff must show extraordinary circumstances to justify reopening the case; and (3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants." *Id.* at 602. Although we said the plaintiff was "not totally precluded from bringing a second suit," because he "must, nevertheless, prove his case preliminarily to the district court before being allowed the right to relitigate," we held that he was legally prejudiced. *Id.* at 604.

Obviously, the refiling restriction here is identical to the first condition in *LeCompte*, creating a strong inference that such a condition is legally prejudicial. We have not had occasion to consider whether a forum-filing restriction by itself is sufficient to constitute prejudice. The only court to do so determined that a filing limitation was not prejudicial, but that case is easily distinguishable. In *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325 (11th Cir. 2004) (per curiam), the district court conditioned a Rule 41(a)(2) dismissal on a requirement that the plaintiff file any subsequent suit in the Northern District of Georgia, where the first suit had been dismissed. *Id.* at 1327. Nevertheless, at the time of dismissal the defendant had already obtained a *forum non conveniens* ("FNC") transfer between districts. Thus, conditioning the voluntary dismissal on refiling in the new district was necessary to "protect[] Home Depot from the unfairness of having to relitigate the issue of the more convenient forum for this dispute." *Id.* at 1329. The condition also promoted "judicial economy" by ensuring that a future court would not have to adjudicate another FNC request. *Id.*

No. 15-20219

Considering that granting a Rule 41(a)(2) dismissal is discretionary and that courts may be hesitant to dismiss if the defendant will be prejudiced, the Eleventh Circuit's decision to uphold the conditions is not surprising.[13]   In contrast, there is no FNC motion here, so there is no need to protect Home Depot by imposing a refiling restriction.  Likewise, this case is still in its early stages, so there is no need to impose a refiling restriction to promote judicial economy.

As with the plaintiff in *LeCompte*, to refile Bechuck will have to "come before the same court and affirmatively demonstrate that the case should be reopened." *LeCompte*, 528 F.2d at 604.  Though there is no explicit requirement, in the dismissal order, that Bechuck convince the court of the worthiness of reopening his case, that is what he will be doing by being required to submit his claims before the same court.  The dismissal of Home Depot does not "put the plaintiff in a legal position as if he had never brought the first suit."  *Id.* at 603.  Instead, his ability to refile is "severely circumscribed"; any subsequent suit must be in the Southern District of Texas.  Therefore, because the condition attached to Home Depot's dismissal is of the same type as the prohibited conditions in *LeCompte*,[14] and because there is no need for a refiling restriction

---

[13] *See Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (explaining that dismissal under Rule 41(a)(2) is discretionary and should be granted only if it will not "prejudice" the defendant); *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (explaining that prejudice "occur[s] when a party proposes to dismiss the case at a late stage of pretrial proceedings").

[14] Nevertheless, applying *LeCompte* may be somewhat in tension with *dictum* in *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001), that stated,

> The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.  That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself.

Thus, if dismissal without prejudice merely means that a plaintiff can return to the same

No. 15-20219

to protect an FNC transfer, the dismissal of Home Depot, conditioned on Bechuck's refiling in the same court, was legally prejudicial.

b.

There is no question that Bechuck meets the second prong of the appeal-ability test. *See Mortg. Guar.*, 904 F.2d at 300. He failed to acquiesce in the refiling restriction; instead, he has actively opposed it. He objected to a similar restriction on ASM in the first order of final dismissal and sought appeal after the *sua sponte* imposition of that condition in the revised final dismissal. Therefore, because the restriction was prejudicial, and because Bechuck has not agreed to it, the dismissal of Bechuck's claims against Home Depot without prejudice is an appealable order.

2.

We review a dismissal without prejudice under Rule 41(a)(2) for abuse of discretion. *LeCompte*, 528 F.2d at 604; *Davis*, 936 F.2d at 199. The district court abused its discretion by *sua sponte* dismissing Home Depot and claiming that it was at Bechuck's request[15] and by not giving Bechuck an opportunity to acquiesce in (or alternatively reject) the refiling condition and dismissal without prejudice.[16]

---

court with the same claim, perhaps a plaintiff also could be *limited* to returning to the same court. However, the *dictum* is not in direct conflict with *LeCompte*, and we lack the authority to overrule the decision of a prior panel barring intervening authority that is binding. *See Barber v. Johnson*, 145 F.3d 234, 237 (5th Cir. 1998).

[15] Even if, in theory, a court could *sua sponte* dismiss a claim without prejudice under Rule 41(a)(2), its *sua sponte* dismissal here, which was incorrectly described as based on Bechuck's motion, was improper. We express no opinion on whether *sua sponte* dismissal under Rule 41(a)(2) is ever proper. The Eleventh Circuit has held that *sua sponte* dismissal without prejudice is available when it is necessary to prevent prejudice to the plaintiffs who otherwise would have faced a directed verdict on the merits. *Kotzen v. Levine*, 678 F.2d 140, 140 n.3 (11th Cir. 1982).

[16] *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (quoting *Mortg. Guar.*, 904 F.2d at 301) ("Ordinarily, the plaintiff has the option to refuse a

No. 15-20219

Nevertheless, we conclude that any error that resulted from the Rule 41(a)(2) dismissal itself is harmless because it was without prejudice. As discussed, in cases in which no conditions are imposed on the Rule 41(a)(2) dismissal without prejudice, the plaintiff cannot seek review on appeal because the dismissal "does not qualify as an involuntary adverse judgment." *LeCompte*, 528 F.2d at 603. As this reasoning demonstrates, any error from a Rule 41(a)(2) dismissal without prejudice (to which no conditions are attached) is negligible: The plaintiff is put "in a legal position as if he had never brought the first suit" and can refile to avoid any harm. *Id.*[17] Indeed, in the context of failure to state a claim under Rule 12(b)(6), when a court *sua sponte* dismisses a complaint, "if the dismissal was without prejudice," any error is "ameliorated." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Likewise, the error in *sua sponte* ordering the Rule 41(a)(2) dismissal of Home Depot was harmless because it was without prejudice.[18]

## C.

We must resolve whether the district court abused its discretion by attaching the refiling restriction to its dismissal of Bechuck's claims against Home Depot. "By its very language 41(a)(2) gives the court power to grant or

---

Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous."); *Mortg. Guar.*, 904 F.2d at 301 (collecting cases).

[17] Similarly, for additional indication that dismissals without prejudice generally cause minimal harm, *see Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976) (stating, in the context of a Rule 41(b) dismissal, that "[o]rdinarily, we would apply a less stringent standard of review to a District Court's dismissal of a suit without prejudice, because the plaintiff would be able to file his suit again").

[18] Indeed, in cases in which an appeal is proper because the district court placed conditions on a Rule 41(a)(2) dismissal that was made without prejudice, a court ordinarily can presume that any error from the underlying grant of dismissal itself is harmless and therefore can proceed directly to analyze whether the conditions attached to the dismissal were an abuse of discretion. We separate the inquiries here to make it obvious that they are analytically distinct.

No. 15-20219

deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.'"[19]  "[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit."[20]  Thus, "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case."[21]

"In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." *LeCompte*, 528 F.2d at 604–05.  Typical examples of permissible conditions include payment of costs and attorney's fees.  *Id.* at 603.  Other conditions could include "making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bringing in other witnesses." *Id.* (describing the *holding* of *Stevenson v. United States*, 197 F. Supp. 355 (M.D. Tenn. 1961)).[22]

In contrast, a condition limiting the plaintiff's right to refile to the original forum is "not the type usually found in Rule 41(a)(2) dismissals." *Id.*[23]

---

[19] *Am. Cyanamid*, 317 F.2d at 298 (quoting previous version of FED. R. CIV. P. 41(a)(2)); *see also* FED. R. CIV. P. 41(a)(2) (permitting voluntary dismissal "on terms that the court considers proper").

[20] *LeCompte*, 528 F.2d at 604 (alteration in original) (quoting *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974)).

[21] *FEMA Trailer*, 628 F.3d at 162; *see also Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

[22] S*ee also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed. 2008) (explaining that in addition to requiring the payment of costs, a court can condition voluntary dismissal on "the plaintiff['s] produc[ing] documents or agree[ing] to allow any discovery in the dismissed action to be used in the subsequent action or otherwise reduce the inconvenience to the defendant caused by the dismissed case").

[23] Indeed, this type of limitation is rare, a fact that lends further support to our conclusion that it is an impermissible aberration.  Except for *LeCompte* and *Versa*, we know of few cases in which courts have imposed a condition limiting the plaintiff's right to refile to the original forum.  *See Versa*, 387 F.3d at 1326–27; *LeCompte*, 528 F.2d at 602; *Scholl v.*

Instead of concerns about cost or reproducing discovery, the "only alleged prejudice in this case, upon refiling," absent the forum limitation imposed by the district court, is that "plaintiffs may gain a tactical advantage." *Am. Nat'l*, 931 F.2d at 1412. Yet, "[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *LeCompte*, 528 F.2d at 604 (quoting *Holiday Queen*, 489 F.2d at 1032). Indeed, the "fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal."[24]

If the possibility of tactical advantage does not justify the denial of a voluntary dismissal, likewise the possibility of tactical advantage should not justify the imposition of a refiling condition. In sum, the potential for forum-shopping does not count as legal prejudice. Therefore, any advantage Bechuck might receive from refiling in another forum cannot constitute legal prejudice to Home Depot.

That does not mean that a condition limiting subsequent suit to the

---

*Felmont Oil Corp.*, 327 F.2d 697, 699–700 (6th Cir. 1964) (holding that because the plaintiff acquiesced in the dismissal without prejudice with conditions, there was no involuntary adverse judgment to appeal); *Nw. Envtl. Def. Ctr. v. Allen*, No. CIV. 05-1279-AA, 2007 WL 1746333, at *3 (D. Or. June 13, 2007). *Cf. Ahler v. City of N.Y.*, No. 93 CIV. 0056 (SS), 1993 WL 362404, at *2 (S.D.N.Y. Sept. 13, 1993) (conditioning Rule 41(a)(2) dismissal without prejudice on bar preventing plaintiff "from refiling the same action in federal court" to prevent vexatious "vacillation over forum" when plaintiff already had an "identical action" in state court). In contrast, at least one circuit has held that a "district court did not abuse its discretion in failing to impose a refiling condition." *Am. Nat'l*, 931 F.2d at 1412. The district court there decided "that it did not have authority or discretion to impose a condition that plaintiffs' subsequent refiling of the case be in federal district court," and the Tenth Circuit affirmed. *Id.*

[24] *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998); *see also Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (stating that a voluntary dismissal to gain a tactical advantage "does not necessarily constitute plain legal prejudice"); *but see Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("[I]t is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum.").

original forum is never appropriate.  In a situation such as the one in *Versa*, where a defendant has already been granted an FNC venue transfer, where a plaintiff has a repeated history of vexatious forum-shopping causing significant inconvenience to the defendant, perhaps a refiling restriction would be called for.[25]  We need not resolve such questions today.

Apart from forum-shopping, Home Depot has failed to allege any prejudice it will suffer without the refiling restriction.  The district court's order of dismissal similarly did not show any justifications for its refiling condition.  Absent evidence of legal prejudice to Home Depot from a Rule 41(a)(2) dismissal that contains no conditions, we cannot sustain the refiling restriction.  To rule otherwise would unnecessarily prevent Bechuck from returning to the legal position he had before the suit.  The court abused its discretion in attaching the filing condition to its Rule 41(a)(2) dismissal.

The judgment with respect to the dismissal without prejudice of Home Depot and ASM is AFFIRMED, and the judgment with regard to imposition of conditions restricting refiling against these parties to the Southern District of Texas is AFFIRMED AS MODIFIED to remove those conditions.

---

[25] We are also mindful of our earlier discussion noting other avenues that can minimize forum-shopping, including a court-wide rule that a subsequent suit will be assigned to the original judge.  *See* Part II.B.