# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1907
_____

Eugene Perkins,

*Plaintiff - Appellant,*

v.

Derrick Frye, Police Officer, Individual and Official Capacity,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 12, 2025
Filed: August 19, 2025

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

COLLOTON, Chief Judge.

Eugene Perkins appeals the district court's orders denying his motion for remand to state court and granting the defendant's motion for summary judgment. Because we conclude that the district court lacked jurisdiction over Perkins's action, we vacate the order granting summary judgment, reverse the order denying the motion for remand, and direct the district court to remand the case to Missouri state court.

I.

This case arises from a police shooting that occurred in St. Louis on July 20, 2017. St. Louis police detective Derrick Frye shot and killed Isiah Perkins. Three years after the shooting, Eugene Perkins, Isiah's father, brought an action in Missouri state court against Frye and the City of St. Louis. Perkins alleged two counts and described them as state law claims for wrongful death and assault and battery. His complaint, however, included an allegation that Frye's shooting "manifested a reckless indifference to Perkins's constitution[al] rights under the 4th and 14th amendments to the U.S. Constitution."

The defendants removed the action to federal court on the ground that the complaint raised a federal question. *See* 28 U.S.C. § 1441(a). The district court dismissed the assault-and-battery claim as time-barred, and dismissed the City as a party based on sovereign immunity.

In January 2022, Frye moved for summary judgment on Perkins's remaining claim. Frye argued that he was entitled to qualified immunity on a § 1983 claim, and official immunity on a Missouri wrongful death claim. One month later, citing "serious medical conditions and health concerns that prevent him from participating in this action at the current time," Perkins moved to dismiss his claim against Frye without prejudice. *See* Fed. R. Civ. P. 41(a)(2). Frye opposed the motion and urged the district court to dismiss the action with prejudice.

The district court granted Perkins's motion to dismiss without prejudice on the following conditions: "[A]ny refiling must be directly assigned to the undersigned. Upon refiling, Defendant can advise the Court that the motion for summary judgment is still at issue. Plaintiff must respond to the motion within 14 days from Defendant's notification to the Court."

About a year later, Perkins brought the present action against Frye in Missouri state court. This time, his petition alleged only a claim for wrongful death under Missouri Revised Statutes § 537.080(1), with no mention of the federal constitution.

Frye removed the case to federal court. He asserted that despite the absence of a reference to the federal constitution, certain allegations in the petition nonetheless alleged that Frye violated federal law, such that the district court possessed original jurisdiction over the case based on a federal question. Alternatively, Frye maintained that the district court retained jurisdiction over the petition under the terms of its dismissal order in the first action.

Perkins moved to remand the case to state court. He argued that the petition alleged only a claim under state law, and that the dismissal order in the first case did not require Perkins to file a subsequent action in federal court.

The district court denied the motion to remand based on the conditions set forth in the order dismissing the first action. The court concluded that it was immaterial whether Perkins intended to proceed under the Missouri wrongful death statute or under 42 U.S.C. § 1983, because the court retained "supplemental jurisdiction to adjudicate both the Section 1983 claim and the state wrongful death claims." Frye then notified the district court that his motion for summary judgment was still at issue, and the court granted the motion.

## II.

Perkins argues on appeal that the district court lacked jurisdiction over the second action, and that the case should be returned to state court. Frye argues that the court properly exercised jurisdiction based on the dismissal order in the first action.

Federal Rule of Civil Procedure 41(a)(2) allows a district court to dismiss an action without prejudice "only by court order, on terms that the court considers proper." Rule 41(a)(2) is designed "to prevent voluntary dismissals which unfairly affect the other side." *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1030 (8th Cir. 2022) (internal quotation omitted). There is some question whether courts may impose a condition in a dismissal order requiring a plaintiff to refile a new action in a particular court. *Compare Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 n.24 (5th Cir. 2016) *and LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603-05 (5th Cir. 1976), *with Versa Prods., Inc. v. Home Depot, U.S.A., Inc.*, 387 F.3d 1325, 1327-29 (11th Cir. 2004) (per curiam).

We need not address whether a district court has authority to impose a condition that requires refiling of a new action in federal court. Even assuming the court has the discretion to do so, *see Am. Nat'l Bank & Tr. Co. v. Bic Corp.*, 931 F.2d 1411, 1412-13 (10th Cir. 1991), the district court's order did not impose such a condition here. The order granting the motion to dismiss stated only that "any refiling must be directly assigned to the undersigned." The order thus required the clerk of the district court to assign any "refiling" in the district court to the same judge. The order did not purport to limit the forum in which the plaintiff could file a new action. *Cf. Bechuck*, 814 F.3d at 291 (recounting a condition that "[i]f [the plaintiff] sues [the defendant] again for the same cause of action, he must do so before this court"). Because the order dismissing the first action did not limit the ability of the plaintiff to file a new action in state court, the order does not provide a basis for federal jurisdiction over the second action.

Frye argues that even if the district court's order did not require refiling in federal court, removal was proper because the district court had original jurisdiction over the second complaint based on a federal question. *See* 28 U.S.C. § 1441(a). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on

the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

The face of Perkins's second petition presents only a claim under Missouri law: one count alleging wrongful death under Missouri Revised Statutes § 537.080(1). The petition alleges that Frye "fired his weapons at Perkins without justification, intentionally and wrongfully causing the death of Perkins." The petition asserts that Perkins's death was the was the "direct and proximate result" of Frye's actions, and seeks punitive damages because Frye allegedly acted "in bad faith and with malice."

Frye argues that the petition raises a federal question because it alleges that Frye "was acting under the color of the statutes" of the City of St. Louis and the State of Missouri, that Frye engaged in "an unauthorized and excessive use of force," and that Frye's actions "fell below the standard of an objectively reasonable police officer." Frye maintains that these allegations amount to a federal constitutional claim that he violated the Fourth Amendment by effecting an unreasonable seizure.

We are not convinced that the petition raises a federal question. The petition expressly alleges only a claim for wrongful death under a Missouri statute and includes no reference to any provision of federal law. Factual allegations about Frye's authority and conduct are relevant to the claim under Missouri law. Proof that an officer acted unreasonably and used unauthorized and excessive force furthers an action for wrongful death under Missouri law. *See Scales v. Whitaker*, 615 S.W.3d 425, 429 (Mo. Ct. App. 2020) (elements of wrongful death claim); *Love v. Piatchek*, 503 S.W.3d 318, 318-19 (Mo. Ct. App. 2016) (plaintiff "filed a wrongful death suit alleging that . . . officers opened fire on the occupants of the vehicle without cause and with excessive force"); *Washington v. Martin*, 275 S.W.3d 320, 321 (Mo. Ct. App. 2008) (per curiam) (plaintiff "filed a wrongful death action alleging that police officer . . . used excessive force in the shooting death of her son"); *Walsh v. Oehlert*, 508 S.W.2d 222, 223 (Mo. Ct. App. 1974) (recounting action for wrongful death that

-5-

was submitted against an officer "on the theory that he used unreasonable force"). Proof that an officer was acting under color of law and within the scope of his authority, but also in bad faith or with malice, is relevant to defeating a defense of official immunity under state law. *See Bloodworth v. Kansas City Bd. of Police Comm'rs*, 89 F.4th 614, 620-21 (8th Cir. 2023); *Est. of Snyder v. Julian*, 789 F.3d 883, 887 (8th Cir. 2015). That the allegations could also be relevant to a federal claim if one had been pleaded does not convert this petition's state law claim into a claim under 42 U.S.C. § 1983. Removal was thus not proper based on federal question jurisdiction.

Frye contends next that removal was proper because the district court possessed ancillary jurisdiction over the petition. It is settled, however, that ancillary jurisdiction "cannot provide the original jurisdiction that [a defendant] must show in order to qualify for removal under § 1441." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002); *see Baker*, 745 F.3d at 926; *Myers v. Richland County*, 429 F.3d 740, 748 (8th Cir. 2005). Because the district court did not possess original jurisdiction over the action for the reasons discussed, Frye's appeal to ancillary jurisdiction is unavailing.

\*　　\*　　\*

For these reasons, we reverse the order denying Perkins's motion to remand, vacate the order granting summary judgment, and remand the case to the district court with instructions to return the petition to the Circuit Court of the City of St. Louis in the State of Missouri.

_____