[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2004
THOMAS K. KAHN
CLERK

_____

No. 04-13654
Non-Argument Calendar
_____

D. C. Docket No. 04-01202-CV-MHS-1

VERSA PRODUCTS, INC.,
a Wisconsin Corporation,
G & L PRODUCTS, INC.,
an Iowa Corporation, and the respective
shareholders of Versa and G&L including
but not limited to David Lambert, Sr.,
David Lambert, Jr. and Richard Lambart,

Plaintiffs-Appellants,

versus

HOME DEPOT, USA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 18, 2004)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

The issue presented is whether an order granting a voluntary dismissal of a complaint without prejudice can be appealed when the dismissal was on the condition that, upon any refiling, the plaintiff must pay the attorneys' fees and costs of the defendant and file the complaint in the same venue to which the action had been transferred. Because these conditions on the voluntary dismissal protect the defendant from unfairness and do not constitute legal prejudice to the plaintiff, we conclude that the district court did not abuse its discretion and accordingly dismiss this appeal.

## I. BACKGROUND

Versa Products, Inc. (Versa) filed a complaint in the Eastern District of Missouri against Home Depot, USA, Inc. (Home Depot) and asserted claims of fraud, deceptive trade practices, violations of the federal RICO statute, and other wrongs. Home Depot obtained, under 28 U.S.C. section 1404(a), a transfer of the action, for forum non conveniens, to the Northern District of Georgia. Versa then moved for a voluntary dismissal without prejudice. Home Depot did not object to that dismissal, but requested that the district court place conditions on the refiling of a complaint by Versa. Versa objected to the conditions requested by Home

2

Depot. The district court granted the voluntary dismissal on the condition that, if Versa refiles its complaint, Versa must pay the costs and fees incurred by Home Depot and file the new complaint in the Northern District of Georgia.

Versa then filed this appeal. In response to jurisdictional questions from this Court, Versa conceded that the order transferring this action from the district court in Missouri to the district court in Georgia is unreviewable because "we 'lack appellate jurisdiction to review the decision of a district court in another circuit.'" Murray v. Scott, 253 F.3d 1308, 1314 (11th Cir. 2001) (citing Roofing & Sheet Metal Serv., Inc. v. La Quinta Motor Inns, 689 F.2d 982, 986 (11th Cir.1982)). We now turn to the remaining issue of the conditions placed on the voluntary dismissal of this action.

## II. STANDARD OF REVIEW

We review, for abuse of discretion, the conditions placed by the district court on the voluntary dismissal of this action. Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 605 (5th Cir. 1976). So long as the district court granted the voluntary dismissal without imposing conditions of legal prejudice to the plaintiff, the order of dismissal is not appealable.

## III. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." LeCompte, 528 F.2d at 604.

To determine whether we have jurisdiction to review this voluntary dismissal, we consider two matters. We first review the standard of legal prejudice for the review of a voluntary dismissal under Rule 41(a)(2). We then apply that standard to this appeal.

### A. The Standard for Legal Prejudice Under Rule 41(a)(2)

Ordinarily a plaintiff cannot appeal an order granting a voluntary dismissal without prejudice under Rule 41(a)(2). A voluntary dismissal without prejudice "does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned." Id. at 603 (quoting 5 James Wm. Moore, et al., Moore's Federal Practice ¶ 41.05(3) at 1068 (2d ed. 1975)). "This can easily be understood since the plaintiff has acquired that which he sought, the dismissal of his action and the

4

right to bring a later suit on the same cause of action, without adjudication of the merits." Id.

A dismissal without prejudice, which is not appealable, is distinguished from a dismissal with prejudice, which is appealable. "There the dismissal actually goes to the merits of the case and is considered a final appealable order so that the plaintiff may appeal therefrom." Id. In LeCompte, the former Fifth Circuit held that a voluntary dismissal purportedly without prejudice but containing a condition that amounted to "legal prejudice" to the plaintiff was appealable like a dismissal with prejudice, because "the order had that effect." Id.

The LeCompte court explained that the critical issue in determining whether the conditions placed on a voluntary dismissal amount to legal prejudice is whether the conditions are "designed to reduce inconvenience to the defendant." Id. The LeCompte court acknowledged that, at least practically, any condition placed on the dismissal prejudices the plaintiff, but practical prejudice is to be distinguished from legal prejudice:

> In one sense, any requirement imposed upon a plaintiff as a condition for allowing him a voluntary dismissal amounts to some degree of prejudice to his action, as a practical matter. Our research indicates, however, that generally the conditions imposed do not create prejudice in a legal sense to the bringing of another suit. Rather, the usual conditions attached to a voluntary dismissal involve prejudice only in a practical sense (e.g., paying costs or expenses, producing documents, producing witnesses). The imposition of this

5

type [of] condition does not amount to the type of "legal prejudice" which would entitle a plaintiff to appeal the grant of the dismissal he obtains.

Id.

In LeCompte, the dismissal amounted to legal prejudice because the plaintiff was "severely circumscribed in his freedom to bring a later suit." Id. at 604. The district court conditioned the dismissal on the plaintiff having to "come before the same court and affirmatively demonstrate that the case should be reopened and that he possesses a valid cause of action" in the event that the plaintiff refiled his complaint. Id. The LeCompte court held that this condition constituted legal prejudice, because it was "uncertain, as a matter of future court decision, whether [the plaintiff would] be allowed to bring the second suit." Id.

### B. The Conditions of Versa's Voluntary Dismissal

Versa argues that the conditions imposed on the voluntary dismissal of this action amount to legal prejudice under LeCompte. We disagree. Both conditions are designed to protect Home Depot from unfairness and do not prejudice Versa in its right to renew this litigation.

The first condition–that Versa, upon refiling, pay the fees and costs incurred by Home Depot in defending this case–is plainly intended to protect Home Depot from the unfairness of duplicative litigation. In Ortega Trujillo, for example, we

6

upheld a voluntary dismissal on the condition that the plaintiff pay the defendant approximately $700,000 in costs and fees. 379 F.3d at 1300, 1303. In Yoffe v. Keller Industries, Inc., the former Fifth Circuit upheld a condition that the plaintiff pay the defendant $44,000 in costs and fees, which in 2004 dollars would be a six-figure sum. 580 F.2d 126, 129-30 (5th Cir. 1978). The condition that Versa pay the fees only upon refiling is less severe than the conditions of immediate payment in Ortega Trujillo and Yoffe; it does not amount to legal prejudice to the plaintiff because the plaintiff's right to renew the litigation is certain. Cf. Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1258 (11th Cir. 2001) (no abuse of discretion in granting voluntary dismissal on condition of paying costs of defendant upon refiling).

The second condition–the venue restriction–was imposed by the district court in LeCompte, but the Fifth Circuit did not determine whether that condition amounted to legal prejudice to the defendant. LeCompte, 528 F.2d at 602. The only court of appeals to have addressed a similar issue did so forty years ago. In Scholl v. Felmont Oil Corp., the Sixth Circuit held that a district court properly conditioned a voluntary dismissal on the refiling of the complaint in the federal district court to which the action had been removed from a state court. 327 F.2d 697, 699-700 (6th Cir. 1964).

The condition that Versa refile a future complaint in the Northern District of Georgia does not constitute legal prejudice to Versa. This venue restriction protects Home Depot from the unfairness of having to relitigate the issue of the more convenient forum for this dispute, but the venue restriction maintains the right of Versa to file a new complaint. The venue restriction also promotes judicial economy because the transfer from the Eastern District of Missouri maintains its legal force. The condition does nothing more than preserve, upon refiling, the status quo ante.

## IV. CONCLUSION

Because the district court did not abuse its discretion in placing conditions on the voluntary dismissal of this action that protect Home Depot from unfairness and do not constitute legal prejudice to Versa, this appeal is

**DISMISSED.**