**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2729
_____

S.B., A Minor By Her Parent and
Legal Guardian Azania Muwwakkil;
AZANIA MUWWAKKIL, In Her Own Right,
                                                                    *Appellants*
                              v.

KINDERCARE LEARNING CENTERS, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. No. 2-15-cv-01499)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2016

Before:  SMITH, HARDIMAN & SLOVITER, *Circuit Judges.*

(Filed: March 10, 2016)

Rhonda H. Wilson, Esq.
Suite 820
1500 John F. Kennedy Blvd.
Two Penn Center Plaza
Philadelphia, PA 19102
        *Counsel for Appellants*

Edward A. Greenberg, Esq.
Kristin A. Topolewski, Esq.
Ward Greenberg
1835 Market Street
Suite 650
Philadelphia, PA 19103
        *Counsel for Appellee*

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

S.B. and Azania Muwwakkil appeal from an order of the District Court granting in part and denying in part their motion for voluntary dismissal without prejudice. For the reasons that follow, we lack jurisdiction and will dismiss the appeal.

I.

S.B., a minor, was allegedly injured at a daycare center operated by Appellee KinderCare Learning Centers, LLC ("KinderCare") when another child tore a hair braid from her

scalp. Based on this incident, her mother, Muwwakkil, retained counsel and filed a complaint against KinderCare in the Court of Common Pleas of Philadelphia County. The complaint alleged that KinderCare is responsible for S.B.'s injuries because it was negligent in operating the daycare center. KinderCare removed the action to the District Court for the Eastern District of Pennsylvania.

After removal, Muwwakkil retained a different attorney who promptly filed a motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41. According to counsel, the lawsuit was prematurely filed because S.B., as a four-year-old, is too young to articulate details about the alleged incident and how it has affected her. KinderCare opposed the motion. The District Court granted the motion in part, denied the motion in part, and dismissed the case without prejudice. In doing so, the District Court imposed two conditions on the right of S.B. and Muwwakkil to refile the case: (1) that they pay KinderCare reasonable attorneys' fees, to be determined by the District Court upon receiving an affidavit of costs; and (2) that they refile their complaint by June 24, 2019, approximately four years from the date of the order, with the possibility of extending that deadline by a showing of good cause. Instead of submitting an objection to KinderCare's affidavit of costs, and before the District Court entered a final order, S.B. and Muwwakkil filed the instant appeal challenging the imposition of these conditions on their right to refile.

II.

Our jurisdiction is limited generally to reviewing the "final decisions" of district courts. 28 U.S.C. § 1291. A final

3

decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Typically, a dismissal without prejudice is not a final decision because the plaintiff may refile the complaint, thereby creating the risk of "piecemeal" appellate litigation.[1] *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 244 (3d Cir. 2013). This is particularly true where, as here, the party appealing is a plaintiff who moved for voluntary dismissal under Rule 41(a)(2). *See Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987).

Although we have not yet had occasion to consider it, other courts have applied an exception to this jurisdictional bar where a district court dismisses a case without prejudice but, in doing so, imposes unreasonably onerous conditions on the plaintiff's right to refile the dismissed action. These courts have used the term "legal prejudice" to describe such conditions. *See, e.g.*, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (finding legal prejudice where, as an

---

[1] A plaintiff who agrees to "stand" on the dismissed complaint by refraining from refiling the same action may obtain appellate review because there is no risk of multiple appeals. *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1156-57 (3d Cir. 1986). Here, however, the assertion of S.B. and Muwwakkil that they "will stand on the complaint" is of no consequence. *See* Appellant's Br. at 8. They cannot stand on their complaint when they have made it clear that they plan to refile a different complaint in the future.

additional condition of refiling, plaintiff was required to "prove his case preliminarily to the district court" by "affirmatively demonstrat[ing] that the case should be reopened and that he possesses a valid cause of action"); *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327-28 (11th Cir. 2004) (no legal prejudice where payment of attorney's fees was condition of refiling); *Duffy v. Ford Motor Co.*, 218 F.3d 623, 627-29 (6th Cir. 2000) (no legal prejudice where conditions were the imposition of fees and the requirement that evidentiary rulings of dismissed action would apply prospectively to any refiled action); *Bowers v. St. Louis Sw. Ry. Co.*, 668 F.2d 369, 369 (8th Cir. 1981) (per curiam) (no legal prejudice where condition was that lawsuit, if refiled, must be brought in "either the state or federal courts of Arkansas").

The legal prejudice exception is consistent with case law in this circuit holding that a dismissal without prejudice may be appealed under circumstances where the plaintiff's ability to refile is foreclosed. *See, e.g.*, *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (noting that an order dismissing a case without prejudice was a final, appealable order where the statute of limitations had expired and any attempt at refiling would have been unsuccessful); *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991) (summarizing circuit authority concerning circumstances where dismissal without prejudice was appealable). We therefore follow other circuits in adopting the legal prejudice exception to the final judgment rule.

This case, however, does not fall within the legal prejudice exception because the conditions imposed by the District Court do not "severely circumscribe" or render

"uncertain" the ability of S.B. and Muwwakkil to refile their complaint. *LeCompte*, 528 F.2d at 604.

First, the requirement that S.B. and Muwwakkil pay KinderCare reasonable attorneys' fees is a commonly imposed prerequisite to refiling that courts have held does not typically trigger an exception to the rule that we review only final decisions. *See Versa Prods., Inc.*, 387 F.3d at 1328; *Duffy*, 218 F.3d at 628. *But see Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). Some courts have held that the imposition of costs may constitute legal prejudice when the amount of the costs imposed is so high as to be objectively unreasonable. *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 131 (5th Cir. 1978) ("There will be cases in which the amount of money set as the price of a voluntary dismissal without prejudice is so clearly unreasonable as to amount to appealable 'legal prejudice' or to warrant review through a prerogative writ."); *Duffy*, 218 F.3d at 628 ("[W]e conclude that an appealing party must show that a cost condition is objectively unreasonable, without regard to that party's financial means, in order to demonstrate legal prejudice."). In this case, however, the amount of costs imposed remains undetermined because S.B. and Muwwakkil filed their notice of appeal without submitting an objection to KinderCare's

affidavit of costs and before the District Court entered a final order specifying the amount to be awarded.[2]

Second, the condition that S.B. and Muwwakkil refile their case by June 24, 2019, does not amount to legal prejudice because it does not result in uncertainty as to whether they will be permitted to refile their action. S.B. and Muwwakkil are correct that, were it not for this condition, Pennsylvania's applicable statute of limitations would not expire until S.B.'s twentieth birthday. Rule 41(a), however, authorizes the District Court to condition a voluntary dismissal "on terms that the court considers proper," Fed. R. Civ. P. 41, as long as they are designed to protect the defendant and do not create burdensome obstacles to refiling, *see Versa Prods., Inc.*, 387 F.3d at 1327-28. Here, the District Court imposed a deadline on refiling to accommodate KinderCare's concern that defending against a refiled lawsuit would become increasingly difficult with the passage of time. The Court, however, emphasized that the deadline can be

---

[2] The fact that there is no final order identifying the amount of costs imposed is an additional reason we lack jurisdiction. The order under review states only that S.B. and Muwwakkil must pay "Defendant reasonable attorneys' fees and costs as determined by the Court." App. at 3. Without knowing what fees (if any) the District Court might find are "reasonable," we lack a basis for review. *See Duffy*, 218 F.3d at 626 (explaining case history and noting that previously dismissed appeal would have been "premature" because "the amount of fees payable to the defendant had not yet been specified").

7

extended for good cause, considering such factors as S.B.'s cognitive ability and readiness to proceed.

For the foregoing reasons, this appeal does not qualify for an exception to the final judgment rule. Accordingly, we will dismiss for lack of jurisdiction.[3] In holding that this appeal is barred by 28 U.S.C. § 1291, we express no opinion

---

[3] In doing so, we note that S.B. and Muwwakkil are not permanently foreclosed from obtaining appellate review of the conditions imposed by the District Court. For instance, an order dismissing the case with prejudice for failure to comply with these conditions would constitute a final, appealable order. *See Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 n.5 (5th Cir. 1990) ("Another option traditionally open to a plaintiff who disagrees with the conditions imposed by the court upon a Rule 41(a)(2) dismissal is to refuse to comply with the condition. In such a case, the court may convert the dismissal into a dismissal with prejudice. The dismissal would then be appealable as a decision on the merits."); *Herring v. City of Whitehall*, 804 F.2d 464, 466 & n.2 (8th Cir. 1986) (permitting appeal from dismissal with prejudice ordered after plaintiffs failed to comply with condition that they pay attorney's fees upon refiling a case voluntarily dismissed under Rule 41); *Yoffe*, 580 F.2d at 131 n.13.

as to the merits (*i.e.*, whether imposing these particular conditions was an abuse of discretion).[4]

---

[4] As an alternative basis for jurisdiction, S.B. and Muwwakkil argue that the collateral order doctrine permits us to hear their appeal.  One of the requirements for the collateral order doctrine to apply is that the issues raised must be "effectively unreviewable on appeal from a final judgment." *We, Inc. v. City of Philadelphia*, 174 F.3d 322, 324 (3d Cir. 1999) (internal quotation omitted).  Here, there has been no showing that the propriety of the conditions imposed on the right of S.B. and Muwwakkil to refile is an issue that is "effectively unreviewable," or that this appeal otherwise "falls within the 'narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final.'" *New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld*, 604 F.3d 816, 822 (3d Cir. 2010) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).