**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3104
_____

ESTATE OF EGENIOUS COLES, by and through Frederick Coles, III, Executor,
Appellant

v.

ZUCKER, GOLDBERG & ACKERMAN;
NATIONAL CITY MORTGAGE CO,
d/b/a Eastern Mortgage Services;
PNC MORTGAGE, the successor in interest
to National City Mortgage Co. dba Eastern Mortgage Services;
BALLARD SPAHR, LLP
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil Action No. 3-14-cv-01612)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 21, 2016
_____

Before: FISHER, GREENAWAY, JR. and ROTH, *Circuit Judges*.

(Opinion Filed:  July 12, 2016)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

Plaintiff-Appellant Frederick Coles, III, as executor of the estate of Egenious

Coles ("Coles"), appeals the District Court's judgment dismissing a complaint against

Defendants-Appellees PNC Mortgage, successor in interest to National City Mortgage

Co. ("National City") d/b/a/ Eastern Mortgage Services, and Ballard Spahr LLP ("Ballard

Spahr").[1]  For the following reasons, we will affirm the District Court's judgment.

## I.    Background[2]

In December 2004, Coles obtained a mortgage issued by National City, which was

secured by real estate in Plainfield, New Jersey.  Coles made timely payments on the

mortgage until March 2009 and, one month later, National City declared the mortgage in

default.  Pursuant to the default, in May 2009, National City sent Coles a Notice of

Intention to Foreclose designating itself as the lender on the mortgage.  Several months

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appellant has chosen not to appeal the District Court's dismissal of the complaint with respect to the remaining named defendant, Zucker Goldberg & Ackerman ("Zucker Goldberg").

[2] As this matter is before us at the motion to dismiss stage, the following facts, which are taken from the allegations in the plaintiff's complaint, are set forth as if true.

later, in August 2009, National City engaged law firm Zucker Goldberg to file a Foreclosure Complaint on National City's behalf with the Superior Court of New Jersey. National City later retained Ballard Spahr to replace Zucker Goldberg as counsel in the matter.

Throughout the foreclosure litigation, National City represented to Coles through its counsel that it was the lender on her mortgage and that it had not assigned the mortgage. However, Coles later learned that, contrary to National City's representations, it had executed an Assignment of Mortgage dated June 2013 in favor of Wilmington Trust Company. Coles contended that the Assignment of Mortgage document was a sham and that the mortgage was, in fact, assigned to Wilmington Trust Company before May 2005—well before National City commenced its foreclosure action against Coles. According to Coles, the foreclosure action brought by National City in its own name in August 2009 was a fraud because National City no longer owned Coles's mortgage.

Based on National City's alleged misrepresentations, Coles filed a federal complaint against, inter alia, PNC Mortgage, successor in interest to National City, and its counsel Ballard Spahr, alleging several violations of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. §§ 1692f(1), 1692g(b), 1692d. The District Court dismissed the complaint without prejudice against both defendants, concluding that Coles had not sufficiently pled that the defendants were "debt collectors" within the meaning of the FDCPA—a prerequisite to suit under the Act. Appellant filed this timely appeal.

3

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Although we ordinarily do not have jurisdiction over a district court's dismissal of a complaint without prejudice, Appellant has indicated an intention to "'stand' on the dismissed complaint" rather than re-file it and so the District Court's judgment is final. *S.B. v. KinderCare Learning Ctrs., LLC*, 815 F.3d 150, 152 & n.1 (3d Cir. 2016).

We exercise plenary review over the District Court's dismissal of the complaint. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016). "[W]e must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of" the plaintiff. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 452 (3d Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. Analysis

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an

attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). The issue in this appeal is whether the complaint has sufficiently pled that PNC Mortgage and Ballard Spahr are "debt collectors." The FDCPA provides that a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, the complaint does not allege, even in a conclusory fashion, that PNC Mortgage is a "debt collector." Appellant nonetheless argues that the District Court erred in dismissing the complaint because an exhibit appended to the complaint (Exhibit B) demonstrates that PNC Mortgage regularly collects or attempts to collect debts owed to another.[3] However, the complaint does not contain any reference to Exhibit B in this context and Appellant made no such argument before the District Court. "It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived . . . ." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 706 F.3d 217, 226 (3d Cir. 2013) (internal quotation marks omitted) (quoting *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011)). In any event, we cannot fault the District

---

[3] Appellant also asks us to take judicial notice of exhibits referenced by Exhibit B, but did not provide those additional exhibits to the District Court and does not provide those exhibits to this Court.

Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. "Judges are not like pigs, hunting for truffles buried in the record." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (internal quotation marks omitted) (quoting *Albrechtsen v. Bd. of Regents Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002)).

Moreover, the FDCPA exempts from the definition of "debt collector," inter alia, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *originated by such person*." 15 U.S.C. § 1692a(6)(F)(ii) (emphasis added). As the complaint itself acknowledges, PNC Mortgage (as successor in interest to National City) was the originator of the mortgage at issue. *See* J.A. 28 ¶ 7. Appellant provides no argument as to why the originator exemption does not apply in this case. Therefore, the District Court correctly dismissed the complaint with respect to PNC Mortgage.

As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a "debt collector" by quoting the relevant definition from the FDCPA. However, beyond this legal conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly collects or attempts to collect debts owed to another. *See Connelly*, 809 F.3d 790. And Appellant provides no further argument on appeal other than to again recite the statutory definition of "debt collector." "[M]ere '[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements' are insufficient to survive a motion to dismiss." *Pearson*, 775 F.3d at 604 (second alteration

6

in original) (quoting *Iqbal*, 556 U.S. at 678).  Accordingly, the District Court correctly dismissed the complaint with respect to Ballard Spahr.

**IV.  Conclusion**

For the foregoing reasons, we will affirm the District Court's judgment dismissing the complaint, without prejudice.