**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2981
_____

FREDERICK BOUNASISSI;
STACEY BOUNASISSI,
Appellants

v.

PHH MORTGAGE SERVICES, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-17-cv-01028)
District Court Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 23, 2020

Before: JORDAN, RESTREPO and GREENBERG, *Circuit Judges*.

(Filed: June 11, 2020)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

This is an appeal of the District Court's dismissal of this case without prejudice

under Federal Rule of Civil Procedure 4(m) for failure to timely serve the defendant.

Under 8 U.S.C. § 1291, this Court shall not exercise jurisdiction over decisions that

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

are not "final." Because Appellants have not provided any reason for this Court to find an exception to this rule, we must dismiss this appeal for lack of jurisdiction.

## I

In the underlying District Court action, Appellants Frederick and Stacey Bounasissi alleged that PHH Mortgage Services, Inc. violated their statutory rights in its handling of the 2014 foreclosure of their home. They filed a ten-count complaint on February 15, 2017. Approximately eight months later, on October 5, 2017, the District Court issued a "notice of call for dismissal pursuant to L. Civ. R. 41.1(a) for lack of prosecution." App. 60. After this notice, the Bounasissis provided a certificate of service indicating that PHH was served on July 28, 2017—over 150 days after they filed their Complaint.[1]

The District Court reviewed the Bounasissis' unopposed motion for default judgment, ordering them to show cause as to "why the Complaint should not be dismissed *with prejudice* for lack of jurisdiction under the Rooker-Feldman doctrine and/or because Plaintiffs' claims are barred by New Jersey's entire controversy doctrine"—and why it should not be dismissed "*without prejudice* for lack of timely service pursuant to Federal Rule of Civil Procedure 4(m)." App. 50–51 (emphasis added).

---

[1] Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." A court must extend the time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m).

The Bounasissis filed a response.  Considering their submission, the District Court found that they "failed to show good cause for their failure to timely serve defendants."  App. 59.  Specifically, the Court found unconvincing their argument that the "process server failed to effectuate timely service for 'reasons unknown'" and accordingly dismissed the case pursuant to Rule 4(m).  App. 62.  Dismissal under Rule 4(m) operates as a dismissal *without prejudice*.  Fed. R. Civ. P. 4(m) (stating that dismissals under this rule are "without prejudice").  The Bounasissis now appeal the District Court's Rule 4(m) ruling.

**II**

**A**

We cannot reach the merits of this appeal—or any other—unless we have jurisdiction.  "[F]ederal courts have an independent obligation to assure themselves of their own jurisdiction."  *Wayne Land and Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 n.9 (3d Cir. 2018).

The District Court exercised jurisdiction over this case pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over "appeals from all *final decisions* of the district courts."  8 U.S.C. § 1291 (emphasis added).  A final decision is an order that "ends litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Core Commc'ns Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007) (quoting *Richman Bros. Records, Inc. v. U.S. Sprint Commc'ns Co.*, 953 F.2d 1431, 1441 (3d Cir. 1991)).  Although an order dismissing a complaint without prejudice (as with a dismissal under Rule 4(m)) is generally not considered a final order, there are certain exceptions, including when the applicable statutes of

3

limitations would prohibit refiling the claims. *Id.*; *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). *See also S.B. v. KinderCare Learning Ctrs. LLC*, 815 F.3d 150, 152–53 (3d Cir. 2016) (recognizing the "legal prejudice exception" applicable when "the plaintiff's ability to refile is foreclosed"); *Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019) (recognizing the narrow "stand on the complaint" doctrine applicable when a plaintiff "submit[s] a clear and unequivocal declaration of intent to 'stand on her complaint'").

**B**

In order to assess whether this case may fit an exception to the general rule that a dismissal without prejudice is not a final order, this Court entered the following Order on March 31, 2020:

> Please address in a supplemental letter brief no more than two single-spaced pages whether the District Court's dismissal of this case "without prejudice" pursuant to Federal Rule of Civil Procedure 4(m) is a final order over which this Court has jurisdiction. See 8 U.S.C. Section 1291; Core Communications Inc. v. Verizon Pa., Inc., 493 F. 3d 333, 337 (3d Cir. 2007). In your analysis, please specifically note (1) whether the statutes of limitations have run on some or all your claims (specifying which claims), see Core Communications Inc.[], 493 F. 3d at 337; Ahmed v. Dragovich, 297 F. 3d 201, 207 (3d Cir. 2002), and whether you are abandoning any claims that may remain viable, see Trevino v. Pittsburgh Nat. Bank, 919 F. 2d 874, 877-78 (3d Cir. 1990), and (2) whether you are abandoning all claims before the District Court in favor of "standing on your complaint" (if you answer this request affirmatively, there is no need to address the first request), Weber v. McGrogan, 939 F. 3d 232, 240-41 (3d Cir. 2019). This letter brief shall be filed on or before April 10, 2020.

Appellants never responded. And Appellants have not otherwise provided this Court any basis for deeming the District Court's order final and exercising our jurisdiction.

4

Generally, issues not raised in an appellant's opening brief are deemed waived on appeal. *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547 n.3 (3d Cir. 2011). Because the Bounasissis neither addressed our Court's jurisdiction in their opening brief nor when expressly given the opportunity to do so, we are left with no choice but to conclude that the District Court's dismissal under Rule 4(m) does not constitute a final order. Accordingly, we will dismiss this case for lack of jurisdiction.