[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11982
Non-Argument Calendar
_____

D.C. Docket Nos. 1:19-cv-20281-RNS,
1:17-cr-20353-RNS-1

PATRICK ZAMOR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2020)

Before JILL PRYOR, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Zamor, a federal prisoner proceeding *pro se*, appeals the voluntary dismissal without prejudice of his motion for postconviction relief, which the district court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  The government has filed a motion to dismiss Zamor's appeal for lack of jurisdiction.  After careful review, we grant in part and deny in part the government's motion to dismiss.  We lack jurisdiction to consider on appeal the substantive claims Zamor raised in his construed § 2255 motion.  However, we have jurisdiction to review Zamor's challenge to the district court's characterization of his motion because in that respect he is adverse to the order dismissing his case.  Nevertheless, we affirm the district court's dismissal because the district court committed no abuse of discretion in granting Zamor's motion for voluntary dismissal without prejudice.

## I.

Following a change-of-plea hearing, Zamor pled guilty to one count of conspiracy to distribute cocaine, and the district court sentenced him to 60 months in prison.  At sentencing, the district court informed Zamor that he had 14 days to appeal the criminal judgment.

Zamor did not file a notice of appeal within the 14-day deadline.  Instead, nearly 10 months after the judgment was entered, he filed a *pro se* motion to reopen the time to file an appeal.  He argued that it was necessary to reopen the

time to file an appeal because he never received notice of the entry of the final judgment, his defense counsel never filed a notice of appeal, and he did not waive his right to appeal. The government responded in opposition, arguing that Zamor had stated no ground for reopening the criminal judgment. To the extent Zamor sought collateral relief, the government requested that the court recharacterize the motion to reopen as a motion to vacate under § 2255 and provide him the opportunity to amend or withdraw the motion.

The court appointed counsel for Zamor under the Criminal Justice Act ("CJA"). CJA counsel filed a status report confirming that he had reviewed the claims in Zamor's motion to reopen, discussed the motion with Zamor, and informed Zamor that he would advise him on whether he should seek relief under § 2255.

Shortly thereafter, Zamor filed a *pro se* "Motion Seeking Post Convict Relief XVII. Postconviction Relief 3.850. Motion to Vacate; Set Aside; or Correct Sentence" (the "postconviction motion"), in which he challenged the validity of his plea proceedings and his defense counsel's performance during plea negotiations. Doc. 1 at 1.[1] Specifically, he argued that his guilty plea was invalid because his defense counsel coerced him into pleading guilty, the district court improperly participated in plea negotiations, he was highly medicated when he signed the plea

---

[1] Citations in the form "Doc. #" refer to entries on the district court's docket.

3

agreement, and the record contained no proof that the district court conducted a change-of-plea hearing.  He further asserted that his indictment was defective because it did not list a codefendant, meaning he could not be guilty of a conspiracy.  He requested that the district court permit him to directly appeal the criminal judgment or, alternatively, hold an evidentiary hearing and vacate his conviction.

The Clerk of Court construed Zamor's postconviction motion as a § 2255 motion and opened a separate civil docket.  The district court referred the matter to a magistrate judge, who concluded that the Clerk properly construed Zamor's postconviction motion as a motion to vacate under § 2255 because it challenged his defense counsel's performance and the lawfulness of his conviction.  The magistrate judge acknowledged that the construal would preclude Zamor from filing a future § 2255 motion.  Thus, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the magistrate judge ordered Zamor to notify the court whether he agreed to the characterization of his postconviction motion as a § 2255 motion "or agree[d] to have this proceeding dismissed."  Doc. 3 at 5.

Zamor, through CJA counsel, filed a notice with the district court confirming that he "did not wish to have his motion[] treated as [a] § 2255 [motion] . . . and underst[ood] this will result in [] dismissal."  Doc. 6 at 1–2.  The magistrate judge issued a report and recommendation ("R&R") recommending that the court treat

4

Zamor's notice as a motion for voluntary dismissal and dismiss without prejudice Zamor's postconviction motion.

Zamor filed *pro se* objections to the R&R, challenging the construal of his postconviction motion as a § 2255 motion. He argued that his postconviction motion was instead a motion to reopen the time to file a direct appeal, and he could not voluntarily dismiss a § 2255 motion that did not exist. He asserted that his CJA counsel, whom he had not requested, had "conspired to corral [his] motion [to reopen] . . . into a civil case under [§] 2255." Doc. 8 at 2. Zamor again requested the right to a direct appeal or, alternatively, an evidentiary hearing and vacatur of his conviction.

The district court adopted the R&R over Zamor's objections and—noting that he had "reiterated his intent *not* to seek relief under [§] 2255"—dismissed his postconviction motion without prejudice. Doc. 9 at 1. Zamor appealed. The government filed a motion to dismiss Zamor's appeal, which we carried with the case.

## II.

"We review *de novo* questions of our jurisdiction." *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019). Further, we review *de novo* the district court's decision to construe Zamor's motion as a § 2255 motion. *See Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1206 & n.2 (11th Cir. 2012)

(applying *de novo* review to the district court's decision to deny movant's § 2255 motion as successive because that decision was based on the court's prior construal of a Federal Rule of Civil Procedure 60(b) motion and thus involved a "characterization of the pleadings").  We review the district court's decision to grant a voluntary dismissal for an abuse of discretion.  *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

On appeal, Zamor reasserts his challenges to his conviction and defense counsel's performance—namely, that his defense counsel coerced him to plead guilty, he was under the influence of drugs when he signed the plea agreement, there was no evidence that the court held a change-of-plea hearing, and his indictment was defective because it did not allege that he conspired with another person to traffic cocaine.  He asserts that he is actually innocent of the cocaine trafficking conspiracy.  And he challenges the district court's characterization of

6

his postconviction motion as a § 2255 motion, arguing that he "never had a

[§] 2255 motion on file . . . with this district court or any other court" and "[a]ll

[he] wanted was to do [his] direct appeal but [the court and CJA counsel] wanted

[him] to do a [§] 2255."  Appellant's Br. at 4.

We must first consider our jurisdiction over Zamor's appeal.  *See Taylor v.*

*Appleton*, 30 F.3d 1365, 1366 (11th Cir.1994) ("[A] court must first determine

whether it has proper subject matter jurisdiction before addressing the substantive

issues.").  The government argues that we lack jurisdiction because the district

court's dismissal was not an adverse judgment:  Zamor agreed to the dismissal of

the construed § 2255 motion.[2]

Article III of the Constitution limits our jurisdiction to "Cases" and

"Controversies."  U.S. Const. art. III, § 2.  This principle includes a standing

requirement that a plaintiff must have suffered an injury-in-fact that is concrete and

particularized, actual or imminent, and not conjectural or hypothetical.  *Wolff v.*

*Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003).  A person may appeal only if

---

[2] The government argues that we lack jurisdiction for a second reason:  because Zamor was required to obtain a certificate of appealability ("COA") to appeal, which he has not done. We disagree.  Although a movant must obtain a COA before appealing from a final order denying a § 2255 motion, Zamor does not need a COA to appeal the dismissal of his motion. 28 U.S.C. § 2253(c)(1)(B).  He does not need a COA because the court's dismissal of his motion was not a "final order" for purposes of § 2253(c), as it did not dispose of the merits of his motion.  *See* 28 U.S.C. § 2253(c)(1)(B); *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) (a "final" order for purposes of § 2253 is an order that disposes of the merits of a § 2255 motion).  Instead, the court gave Zamor the choice of proceeding with the motion as a § 2255 motion or voluntarily dismissing, and he chose the latter.

he is aggrieved by the decision; parties may lack standing to appeal trial court rulings that do not affect their interests.  *Id.* at 1354.

Here, the district court construed Zamor's notice as a motion for voluntary dismissal.[3]  The general rule in our Circuit is that a plaintiff cannot appeal from an order granting a voluntary dismissal without prejudice.  *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004).  That is because such dismissals do "not qualify as an involuntary adverse judgment so far as the plaintiff is concerned."  *Id.* (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)); *see also Corley v. Long-Lewis*, 965 F.3d 1222, 1233 (11th Cir. 2020) ("As a general rule, a plaintiff is not adverse to a voluntary dismissal that he requested.").

Recognizing that "the appealability of an order"—including an order granting a motion to voluntarily dismiss a case—"depends on its effect rather than its language," however, we have in some circumstances allowed appeals from

---

[3] Federal Rule of Civil Procedure 41(a) governs a plaintiff's ability to voluntarily dismiss an action without prejudice.  Fed. R. Civ. P. 41(a); *see also Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015).  Generally, the Federal Rules of Civil Procedure apply to a § 2255 case to the extent that the rules are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings.  *See* Rule 12 of Rules Governing Section 2255 Proceedings for the U.S. District Courts.  The Rules Governing Section 2255 Proceedings do not discuss voluntary dismissals, so Rule 41(a) applies to § 2255 cases.

voluntary dismissals without prejudice to proceed.  *LeCompte*, 528 F.2d at 603.[4]

In *LeCompte*, for instance, our predecessor court concluded that a voluntary

dismissal *without* prejudice could constitute an adverse decision for purposes of

appellate jurisdiction where the dismissal was, in effect, a dismissal *with* prejudice.

*Id*. at 603–04.  In that case, the district court granted the plaintiff's motion for

voluntary dismissal and dismissed the case "without prejudice," but in doing so, it

imposed conditions on the plaintiff's ability to refile the action.  *Id*.  In concluding

that the plaintiff had standing to appeal the dismissal, the old Fifth Circuit

explained that the conditions—which imposed "legal prejudice" on the plaintiff—

"severely circumscribed . . . his freedom to bring a later suit."  *Id*. at 604.  Further,

the old Fifth Circuit rejected the defendant's argument that the plaintiff could not

appeal the conditions attached to a dismissal the plaintiff initiated, explaining that

the record indicated that the plaintiff objected to the conditions and never

"acquiesced in or accepted the terms of the dismissal."  *Id*.

Additionally, we have held that a plaintiff has standing to appeal from a

voluntary dismissal with prejudice where the dismissal was the result of a case-

dispositive interlocutory order adverse to the plaintiff.  *OFS Fitel, LLC v. Epstein,

Becker & Green, P.C.*, 549 F.3d 1344, 1355–58 (11th Cir. 2008).  In *OFS Fitel*, the

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the creation of the Eleventh Circuit on September 30, 1981.

plaintiff moved for voluntary dismissal after the district court entered a discovery order excluding expert testimony that the plaintiff was relying on to establish an essential element of its claims. *Id.* at 1352. We concluded that the plaintiff was adverse to the order granting its motion for voluntary dismissal because the dismissal was based on the case-dispositive expert exclusion ruling. *Id.* at 1358.

Here, to the extent Zamor reasserts the substantive challenges from his construed § 2255 motion, we lack jurisdiction. *See Amodeo*, 916 F.3d at 970. Zamor does not have standing to appeal those claims because he requested that the court dismiss them, and the court acquiesced by dismissing the claims without prejudice. *See Versa Products, Inc.*, 387 F.3d at 1327. As such, he is not adverse to the district court's dismissal in this respect.

However, we conclude that Zamor has standing to appeal the voluntary dismissal to the extent that he challenges the court's characterization of his postconviction motion. *See Amodeo*, 916 F.3d at 970. Similar to the plaintiff in *LeCompte*, Zamor rejected the court's terms of dismissal. *LeCompte*, 528 F.2d at 604. In his objections to the R&R, Zamor challenged the Hobson's choice posed by the court—that is, the choice to proceed under § 2255 or not at all. Zamor notified the court that he wished to do neither. Thus, the fact that he agreed to the voluntary dismissal only after the court told him he had two choices, one of which was dismissal, does not preclude him from appealing that dismissal because it is

10

clear that, like the plaintiff in *LeCompte*, he did not "acquiesce[] in" the dismissal. *LeCompte*, 528 F.2d at 604; *see also McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1021 (11th Cir. 1992) (permitting plaintiff to appeal from order granting his request for a voluntary dismissal without prejudice where the plaintiff later requested to withdraw the motion). In this sense, the court's dismissal was an adverse, case-dispositive order. *See OFS Fitel, LLC*, 549 F.3d at 1355–58.

We now turn our analysis to the district court's decisions to (1) construe Zamor's postconviction motion as a § 2255 motion and (2) grant Zamor's motion to voluntarily dismiss his case. First, as to the district court's decision to construe Zamor's postconviction motion as a § 2255 motion, we conclude that the district court did not err. *See Figuereo-Sanchez*, 678 F.3d at 1206 & n.2. In his motion, Zamor cited Florida Rule of Criminal Procedure 3.850—which governs postconviction relief—and challenged the legality of his conviction and his defense counsel's performance. The district court was obligated to "look beyond the label[] of [Zamor's] motion[] . . . to interpret [it] under whatever statute would provide relief." *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). Because his motion cited a postconviction rule, though a state rule, and because it raised challenges to his conviction and defense counsel's effectiveness, the court properly interpreted the motion as seeking federal habeas relief under § 2255. *See*

11

*Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1260 (11th Cir. 2004) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation . . . ."). Further, the court dispensed of its duties under *Castro* by notifying Zamor of the pending recharacterization, warning him that recharacterization would subject any subsequent § 2255 motion to restrictions, and giving him the opportunity to withdraw or amend the motion. *See Castro*, 540 U.S. at 383. For these reasons, we conclude that the court committed no error when it construed Zamor's postconviction motion.

Second, the court did not abuse its discretion when it dismissed Zamor's case after Zamor notified the court that he did not wish to proceed under § 2255. Zamor's counseled notice—filed after the court gave *Castro* warnings—confirmed that he understood that his decision not to proceed under § 2255 would lead to the dismissal of his case. The court reasonably interpreted this notice as a motion for voluntary dismissal and, in granting it, gave Zamor what he asked for. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701–02 (11th Cir. 2004) (explaining that the district court did not abuse its discretion in granting petitioner's motion for voluntary dismissal of his § 2254 petition without advising him of potential statute-of-limitations consequences because "the district court . . . merely granted the precise action requested by [petitioner]"). Nor was it an abuse of discretion for the court to grant the motion for voluntary dismissal in spite of Zamor's objections to

12

the R&R, in which he explained that he neither wanted to dismiss his case or proceed under § 2255. At this point in his proceedings, Zamor's only available remedy was through a § 2255 motion.[5] *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief . . . .") Because Zamor stated in his objections to the R&R—as he did in his construed motion for voluntary dismissal—that he did not wish to proceed under § 2255, it was reasonable for the court to grant the voluntary dismissal because no other option was available to Zamor. Under these circumstances, we decline to disturb the court's exercise of discretion in granting the voluntary dismissal.

In sum, we GRANT the government's motion and dismiss Zamor's appeal to the extent he raises the substantive challenges from his postconviction motion. We otherwise DENY the government's motion. Because the district court did not abuse its discretion in dismissing Zamor's motion without prejudice, we affirm.

**AFFIRMED IN PART AND DISMISSED IN PART.**

---

[5] Section 2255 was Zamor's only avenue for relief because, by the time he filed his postconviction motion, his time to file a direct appeal had expired. *See* Fed. R. App. P. 4(b)(1)(A)(i).