[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10248

Non-Argument Calendar

_____

MARK T. STINSON, SR.,

Plaintiff-Appellant,

*versus*

MARK YATES,
WALL & ASSOCIATES, INC.,

Defendants-Appellees,

JOHN P. YATES
warden, BOP, et al.,

2                    Opinion of the Court                    24-10248

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24688-RKA

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Mark Stinson appeals the district court's omnibus order that (1) denied as moot his motion opposing the court's *sua sponte* consolidation of two of his civil actions; (2) denied his motion to reopen a closed case and consolidate two other cases; and (3) dismissed without prejudice defendants Mark Yates and Wall & Associates, Inc. after Stinson dropped them from his amended complaint.

We lack jurisdiction to review the district court's non-final interlocutory decisions regarding consolidation. *See* 28 U.S.C. § 1291. At the time Stinson filed his notice of appeal, his amended complaint remained pending before the district court. Further, the district court's order is not immediately appealable under the collateral order doctrine. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that a non-final order may be appealed under the collateral order doctrine if it, *inter alia*, is effectively unreviewable on appeal from a final judgment). A district court's

24-10248               Opinion of the Court                          3

exercise of its authority to consolidate or refuse to consolidate cases may be reviewed on appeal from a final judgment. *See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977).

Finally, to the extent Stinson challenges the district court's dismissal without prejudice of his claims against Yates and Wall & Associates, Inc., he lacks standing to do so because he voluntarily removed them from his amended complaint. *See Versa Prods., Inc. v. Home Depot USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.