**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2180
_____

DARRELL HUBBARD, individually and on behalf of others similarly situated,
Appellant

v.

NEW JERSEY DEMOCRATIC STATE COMMITTEE;
GOVERNOR PHILIP D. MURPHY;
ATTORNEY GENERAL MATTHEW J. PLATKIN;
SUPERIOR COURT JUDGE STACEY E. BORETZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:25-cv-11885)
District Judge:  Honorable Michael E. Farbiarz
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on September 3, 2025

Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed September 11, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Darrell Hubbard appeals from the District Court's administrative closure of his case. We will dismiss this appeal for lack of appellate jurisdiction.

We recently denied Hubbard's mandamus petition regarding Hubbard's three civil complaints in New Jersey, which are consolidated at Docket 2:24-cv-08968 (the "lead action"). See In re Hubbard, No. 25-1666, 2025 WL 1554934 (3d Cir. June 2, 2025) (per curiam). While that mandamus petition was pending, the District Court granted Hubbard's motion to stay his consolidated cases; its order also temporarily enjoined Hubbard from submitting further filings related to his consolidated cases until his mandamus petition was fully resolved. See Hubbard v. State of N.J. Att'y Gen.'s Off., 2:24-cv-08968, ECF No. 155 (order entered May 30, 2025).[1]

Meanwhile, Hubbard filed the instant civil action in the District Court (his fourth action there). A week later, the District Court entered a text-only order stating that "[p]ursuant to the preclusion order, this case is terminated." Hubbard v. N.J. Democratic State Comm., 2:25-cv-11885, ECF No. 6 (docket-text order entered June 18, 2025). Hubbard now appeals from that June 18 order terminating his fourth action.

---

[1] We note, in case it is relevant to the District Court's stay order, that the mandamus proceedings have ended. See In re Hubbard, C.A. 25-1666, Doc. 28 (order entered July 9, 2025, denying petition for rehearing).

2

We do not have jurisdiction over Hubbard's appeal. Generally, an order is "final" and immediately appealable under 28 U.S.C. § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." S.B. v. KinderCare Learning Ctrs., LLC, 815 F.3d 150, 152 (3d Cir. 2016). The order terminating Hubbard's fourth action is imprecise,[2] but in context, it can refer to only one possible prior order—the May 30 stay order entered in the lead action. At most, the June 18 termination order indicates that Hubbard filed the fourth action in violation of the stay order's temporary filing injunction; it is not a final resolution of any of the claims he is trying to raise against any of the parties in his actions.[3] Therefore, the June 18 order is not a final order; it is a nonfinal case-management order that administratively closed the fourth action. We remind Hubbard that orders that merely administratively close cases are not final orders. See Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 247-48 (3d Cir. 2013); In re Hubbard, 2025 WL 1554934, at *2 n.5.

---

[2] If we narrowly consider the fourth action, it's not immediately clear which prior order the District Court refers to in its June 18 closure order, because that fourth docket is not electronically linked to the other dockets and includes no specific docket citation or order entry date, and because the term "preclusion" often indicates that a claim is procedurally barred according to the doctrines of issue preclusion or claim preclusion.

[3] To the extent that Hubbard argues that the fourth action is distinct from the three consolidated actions, that is an issue to present to the District Court, and, as we have explained in denying his mandamus petition, the District Court's resolution of that issue would not be immediately appealable. Cf. Brace v. O'Neill, 567 F.2d 237, 240 n.9 (3d Cir. 1977); In re Hubbard, 2025 WL 1554934, at *2 n.5.

Accordingly, we will dismiss this appeal for lack of jurisdiction. We deny

Hubbard's motion to supplement the record and amend request for relief on appeal, as

well as any other pending motion or request for relief. We note that Hubbard's brief is

more than double the maximum length permitted under the Federal Rules of Appellate

Procedure. <u>See</u> Fed. R. App. P. 32 (a)(4)-(7), (f). He has also failed to comply with

federal and local rules for filing appendices by attaching about 400 pages of exhibits to

his brief. <u>See</u> Fed. R. App. P. 32(b). In any future filings in the Third Circuit, Hubbard's

violations of page limitations and appendix requirements may be subject to sanctions,

including monetary sanctions, the striking of noncompliant filings, or the Court's refusal

to consider any pages in excess of the page limits.[4]

---

[4] Hubbard is expected to generally comply with form and length limits set forth at Fed. R. App. P. 27 and 28 and 3d Cir. L.A.R. 28, 30, and 32.